THE EAST RIVER BANK, Respondent, *v.* THOMAS KENNEDY, Appellant.

PRACTICE. APPEAL REVIEW. PROMISSORY NOTES. DISCHARGE OF IN-
DORSER FROM LIABILITY; EVIDENCE CONCERNING, INSUFFICIENT TO
SUBMIT TO JURY.

When the court below set aside a verdict and grant a new trial, on the
ground that the verdict is against evidence or is unsatisfactory, or on
the ground of surprise or of newly discovered evidence, or for other
reasons resting in the facts only, or in the discretion of the court to
grant a new trial, the order is not reviewable in this court in any form,
and the order granting a new trial should state that it is granted upon
questions of fact, or in some form it should so clearly appear by the
record.

Where the verdict is set aside and a new trial is ordered for errors in law,
this court has jurisdiction to review the order, the proper stipulation
being given by the appellant consenting to final judgment if the order be
affirmed.

Where the record does not in some form show that the order for a new trial
was based upon questions of fact, it must be assumed here that the order
was granted for errors in law committed at the trial, and if the court find
no such errors the order must be reversed.

Where the appeal is from an order refusing a new trial, questions of law
only can arise on the hearing of the appeal.

K., as indorser upon the note of B., was duly charged upon non-payment at
maturity. Suit commenced by holder of the note against B., by request
of K. Before trial, B. proposed to pay one-half the note and give a new
note for balance, with stipulation, that if new note was not paid at ma-
turity, judgment in suit pending might be taken for the balance of old
note. This done with knowledge and consent of K., except as to stipula-
tion, of which he denied knowledge, though present at the time. Old
note surrendered to B., through inadvertence, upon completion of agree-
ment. Nothing said in any of the negotiations about releasing K. from
his liability as indorser upon the old note. New note of B. unpaid, judg-
ment entered in the pending action as stipulated, and execution returned
unsatisfied. Thereupon, action against K. as indorser, etc. *Held*, that
there was in the case no evidence authorizing the judge to submit the
inquiry to the jury, whether there was an agreement or intention to dis-
charge the indorser.

The testimony of the indorser, that he *supposed* he was released, is no evi-
dence of the fact.

THIS action was brought in the Superior Court of the city
of New York, to recover from the defendant the sum of $400,

which remained unpaid upon a note for $800, made by one Billings, and indorsed by the defendant to the plaintiff, which was protested for non-payment. After notice of non-payment the note was, by the request of the defendant, and for his accommodation, put in suit against Billings, the maker. The defendant, Kennedy, conferred frequently with the attorney while it was pending, and the maker, Billings, before it was brought to trial, proposed to pay $400 thereon and give a new note for the balance, with the interest and the costs of the action, payable sixty days after date. Whether the attorney communicated this proposition to Kennedy or Kennedy communicated it to the attorney, was in dispute at this trial, but the attorney inquired of him if he thought it was good, and that Billings would pay the new note, and he told the attorney that he thought the note good and that Billings would pay it. Kennedy afterwards came with Billings to the attorney's office, and, in his presence, and, as testified by the attorney, by his direction, a new note was taken, and Billings paid the $400.

A stipulation in the action then pending was signed by Billings, that, if the new note was not paid at maturity, the plaintiff might take judgment in the pending action for the amount due thereon.

This stipulation, the defendant herein states he had no knowledge of.

It was further testified on this trial, that nothing whatever was said on the subject of releasing Kennedy, the indorser; and it was also testified by the attorney, that he had no authority to release him. He was, as it appeared, employed to sue the maker for his, the indorser's, accommodation and benefit.

The attorney, as he testified, through mere inadvertence, gave the $800 note to Billings on receiving the money, new note and stipulation above referred to.

The new note not being paid, judgment was entered against Billings in the then pending action, execution issued and returned unsatisfied, and this action was then brought against the present defendant.

On the trial, the judge charged the jury, that if, in the arrangement thus made, the parties intended that Kennedy should be discharged from the old note, then he was discharged. Being requested by the plaintiff to charge that taking the note of one of several debtors is no payment unless it is expressly agreed to as such, the judge replied, " That is the whole question which I submitted to the jury— what the parties agreed to do ? * * If such was the agreement, that is enough; there is only one question on that point; was there such an agreement ?" and to this the plaintiff excepted.

The jury rendered their verdict for the defendant. A motion for a new trial having been denied at the Special Term, judgment was entered, and the plaintiffs appealed from this judgment and from the order denying such motion.

The General Term of the Superior Court reversed the judgment and order, and made an order setting aside the verdict and directing a new trial. The defendant gave the necessary stipulation and appealed to this court.

*Brown & Estes*, for the appellant.

I. The facts stated, which the jury must be presumed to have found from the evidence, amounted to payment of the note surrendered, and to a legal discharge of the indorser's liability. It is certainly presumable from the facts that such was the intention of the parties.

The maker proposed to " settle " the note by paying money and giving his note for balance.

The effort to assist the bank to collect from the maker and paying the legal expenses constituted a valid consideration for the discharge.

II. The stipulation in the suit, without the indorser's knowledge or consent, extending time until the maker failed, he being responsible at the time, and the note being destroyed by plaintiff's consent, the indorser could not pay it and resort to the maker.

The extension of time, and the destruction of the note, therefore discharged the indorser.

The extension of time, and surrender of the note to the maker (who destroyed it), being made by plaintiff's attorneys, was binding on the plaintiff; they had the note for collection, which authorized such a disposition of it. (*Livingston* v. *Radcliff*, 6 Barb. 201.)

Directions to sue a note, means collect it.

The judgment of the General Term should be reversed, and judgment below affirmed.


*Malcolm Campbell*, for the respondent.


I. The agreement to enlarge the time of the principal, in order to have the effect of discharging the surety, must be made by the creditor without the assent of the surety. (*Gahn* v. *Niemcewiez*, 11 Wend. 312; *Wright* v. *Storrs*, 6 Bosw. 600; *Chester* v. *Bank of Kingston*, 16 N. Y. 338; *Billington* v. *Wagoner*, 33 id. 31.)

In this case, the extension was clearly assented to by the surety, even according to his own testimony, and, as we understand, he does not claim to have been discharged by the act of the creditor against his will, but by agreement between them.

II. The agreement to enlarge the time must be founded upon a valid consideration. Part payment of a debt overdue is no consideration. (*Halliday* v. *Hart*, 30 N. Y. 474.)

III. There is not a particle of evidence of an express agreement on the part of the plaintiff to release the surety. The giving up the note to the principal is proved by uncontradicted testimony to have been done through inadvertence, and the reservation in the stipulation of the right to proceed in the original suit, conclusively negatives any inference which might have been drawn from the fact of the note having been given up.

IV. There is no evidence of authority to the attorney to discharge the indorser. Such authority cannot be implied,

and the want of authority is expressly proved by the testimony of the attorney.

V. It is unnecessary to burthen the court with citations upon such simple principles of law as those involved in this case. There is no conflict of testimony upon any material point. We therefore submit the case on the two able opinions at General Term, calling the attention of the court particularly to the concise summary by Justice MONELL, at folio 119 of the case.

1. " There was no evidence of an agreement to discharge the indorser. All the witnesses testify that nothing was said on the subject, and Kennedy merely supposed that he was to be discharged. It was error, therefore, to submit it to the jury as a question of fact whether there was any agreement. Such an agreement cannot be implied."

2. There was no consideration as between the plaintiff and either of the parties for such an agreement, if it had been proved.

3. The attorney had no power to discharge the indorser without satisfaction, or the consent of the plaintiff.

VI. The order of the General Term should be affirmed, and jugement absolute rendered against the defendant, with costs and damages.

WOODRUFF, J. A doubt was suggested on the argument of this appeal, whether, inasmuch as the order of reversal herein made in the Superior Court at General Term, does not state that such reversal was ordered upon questions of fact, any questions could be considered in this court except such questions of law as were raised by exceptions taken on the trial. And, on that suggestion, the counsel for the respondent moved the court to permit the case to stand over, to enable him to procure an amendment of the order of reversal in the court below, so that it might appear by the record that the reversal was upon all the grounds stated in the opinions pronounced in that court when the order appealed from was made.

If a judgment rendered on the trial of an action by the

court without a jury, or by a referee, be reversed in General Term, such reversal is to be deemed made upon questions of law, unless it appears in the order of reversal that it was made on questions of fact; and, when it does not so appear, the review in this court is confined to questions of law raised on the trial and made the subject of exception. This is by express statute, and we have no discretion. (Code, §§ 268, 272.)

Those sections have no application to an order reversing an order of the Special Term, setting aside a verdict, and ordering a new trial after a trial by jury.

Prior to 1851, the decisions were uniform, that under section eleven of the Code, this court had no jurisdiction to review an order granting a new trial. (See 3 Comst. 545; 2 id. 563; 1 id. 610.) The court held not only that such an order was not final, and therefore not appealable, but they also held, in numerous cases of appeals from judgments on reports of referees, that they had no jurisdiction to review questions of fact upon a case, though sought by appeal from the judgment. (2 Comst. 189, 502.)

In 1851, the legislature amended section eleven of the Code, so as to allow an appeal to this court from an order granting a new trial; and the question thereupon arose, what may be reviewed on such an appeal? In *Moore* v. *Westervelt* (1 Code R., N. S. p. 415), the court held that this amendment did not include new trials upon a case involving questions of fact, but only where questions of law are involved in such order.

In 1852, the amendment of 1851, in the particular mentioned, was repealed. But in 1857, the section was again amended so as to give an appeal from an order granting a new trial; and in 1862, this was extended so as to embrace an order refusing a new trial, and so the Code now remains.

But, according to the decision in *Moore* v. *Westervelt*, this does not bring under review questions of fact, as upon a case, such as that the verdict is against the weight of the evidence, or where the motion is founded upon alleged surprise or newly discovered evidence, but questions of law only.

It is deemed the purpose and policy of the legislature to

leave questions of fact to be settled by the courts of original jurisdiction, giving an appeal to this court where the rules of law are claimed to have been erroneously determined. This general policy is departed from in the two instances above referred to, viz., where a cause is tried by the court or by a referee, and a reversal is ordered upon questions of fact. But, as already remarked, the sections authorizing us to review the facts in those cases do not extend to cases tried by a jury.

As this is a question appertaining to our jurisdiction, it would be of no avail to insert, in the order below, that the reversal was had upon questions of fact shown by a case on which the motion for a new trial was made, except to lay the foundation for a motion to dismiss the appeal.

We should still have no power to consider the propriety of the order so made.

Where, therefore, a case is made containing exceptions raising questions of law, those questions and those only can be considered here. If it does not appear in some form that the order granting a new trial was founded upon questions of fact, we must assume that the order was granted for supposed errors in law to which due exception was taken.

But it certainly ought not to be in the power of a party, against whom a new trial had been ordered, upon questions of fact, to avoid the order by appealing to this court and here showing that no errors of law were committed on the trial. If here questions of law only can be considered on the appeal, that would be an effectual mode of retaining a verdict which was against the weight of the evidence, or which for any reason was unsatisfactory to the court below, who have a discretion to order a new trial if the ends of justice require it.

How then shall this be avoided? If, after such an order, the party appeals, this court must, if the appeal be entertained, reverse it. This would be palpably unjust, and it is a result which was certainly not intended by the legislature when the jurisdiction of this court was confined to questions of law in cases tried by a jury. Such a result is not necessary.

The party obtaining a new trial upon questions of fact must see to it, that it be made to appear, by the record or in some other proper manner, that the new trial was ordered upon questions of fact; and then there is no danger and can be no injustice in the rule, for then the appeal would be like an appeal from an order granting a new trial on the ground of surprise or newly discovered evidence, and would be dismissed on motion.

The court practice may, therefore, be stated thus: When the court below set aside a verdict and grant a new trial, on the ground that the verdict is against evidence or is unsatisfactory, or on the ground of surprise or of newly discovered evidence, or for other reasons resting in the facts only, or in the discretion of the court to grant a new trial, the order is not reviewable in this court in any form, and the order granting a new trial should state that it is granted upon questions of fact, or in some form it should so clearly appear by the record.

Where the verdict is set aside and a new trial is ordered for errors in law, this court has jurisdiction to review the order, the proper stipulation being given by the appellant consenting to final judgment if the order be affirmed.

Where the record does not in some form show that the order for a new trial was based upon questions of fact, it must be assumed here that the order was granted for errors in law committed at the trial, and if the court find no such errors the order must be reversed.

Where the appeal is from an order refusing a new trial, questions of law only can arise on the hearing of the appeal.

The question of law raised by an exception will, it is true, often render an examination of the evidence, or portions of it, necessary; *e. g.*, an exception to the granting or refusing a nonsuit, or to the submission of the question to the jury when there is no evidence in the case to warrant such a submission, and other cases might be suggested; but in these the question to be here considered is nevertheless a question of law arising on the trial, and appropriately raised by exception there taken.

It is so entirely manifest, from a perusal of the opinions delivered at the General Term in the court below, that that court deemed the verdict in this case without evidence to support it, that, if we were of opinion that there was no error in law committed on the trial, the motion to permit the case to stand over to give the respondent an opportunity to procure an amendment of the record upon reasonable terms, would commend itself strongly to our favorable regard.

But it is equally clear, that the court below placed their decision also upon the legal ground that there was no evidence in the case which warranted the submission to the jury of the question upon which the verdict depended.

If this assumption is correct, then a question of law arose which that court deemed presented by the plaintiff's exception to the charge.

On an examination of the evidence, I think the court below were correct in holding, that there was nothing to justify the submission of the question, whether there was an agreement that the defendant, the indorser of the note in question, should be released, or that the new note of Billings, the maker, should be taken as payment.

The delivery of the original note to Billings is proved, without any contradiction, and without any circumstance warranting doubt, to have been an inadvertence. The attorney was acting, in the action prosecuted against the maker, at the instance and for the benefit of the indorser (the appellant). The indorser was not only assenting to but was promoting the arrangement which was made. There is no ground for a pretense even that time was given to the maker without the consent of the indorser. Not a word was said about taking the new note as payment; but, on the contrary, the then pending action was kept on foot, to the end that judgment therein might be entered if the new note was not paid at maturity. The arrangement was palpably made and assented to for the purpose of avoiding litigation with the maker, secure an immediate payment of a part of the sum for which the appellant was liable as indorser, and, under a belief that the maker thus indulged, would pay the residue

at the maturity of the new note. All the witnesses agree that there was nothing said on the subject of releasing the indorser, and any such intention is unequivocally denied by the attorney, who was plainly acting at the time with a view to the interest of the indorser as well as the plaintiff.

The moment the fact of the delivery of the original note to the maker was explained, so as to obviate the inference that it was intended thereby to accept the new note as a satisfaction of the former, and to cancel all liabilities which were imported by such original note, nothing remained in the case which raised the question, whether there was an agreement between the parties that the new note should be taken in satisfaction and in discharge of the indorser.

I have not considered the further point urged, that the attorney, employed to prosecute the action against the maker for the accommodation and benefit of the indorser, had no authority in virtue of such employment to make an agreement which would operate to release the indorser without payment; and that it would have been a breach of trust to which the indorser would in such case be a party; although that point appears to have been in the mind of counsel when testimony was given by the attorney that he had no such authority, it was not specifically called to the attention of the court on the trial, and made the subject of ruling and exception. It is enough, I think, that no such agreement was made, and the evidence did not warrant the submission of the question to the jury.

I think the order granting a new trial should be affirmed, and judgment absolute for the respondent be ordered in accordance with the appellant's stipulation.

Grover, J. As the order reversing the judgment and granting a new trial does not show that it was based upon questions of fact, it must be assumed by this court to have been based upon questions of law only. These latter questions must be presented by proper exceptions to the ruling of the court thereon, taken at the trial. There was but a single exception taken to any ruling of the court upon the

trial of the present action: that was, to that portion of the charge submitting it to the jury to find whether it was the intention of the parties to discharge the defendant from his liability as indorser, with instructions that, if such was the agreement, to find for the defendant. This exception raises two legal questions: first, whether there was such evidence of the alleged agreement or understanding to authorize the court to submit the question to the jury, and second, if there was such evidence, whether the plaintiff's attorney was authorized to make it. There is some conflict in the evidence upon one or two points, but as to the main facts, there is a concurrence of the witnesses in their testimony. The undisputed evidence shows that after the maturity of the. note, and service upon the defendant of the requisite notice to charge him as indorsêr, he requested the plaintiff to commence an action for its collection against the maker, omitting him; that in pursuance of such request, the plaintiff placed the note in the hands of its attorney, with. direction to sue the maker thereon; that the attorney commenced an action against the maker in the Superior Court, which was put in issue; that in this stage of the action, the defendant therein proposed to the attorney to pay a portion of the note and give his note at sixty days for the balance; that the attorney communicated this proposition to. the defendant, and inquired of him if the maker's note would be good; that afterward the maker and defendant went to the attorney's. office, and it was then agreed that the maker should pay a portion of the note, and give his note at sixty days for the balance, and that if he did not pay the note in sixty days, the plaintiff might take judgment against him in the pending action for the balance due upon the note in suit, and in the meantime proceedings in the action should be stayed. The maker paid the money, gave the note, and also a stipulation authorizing the entry of judgment for the balance of the note in suit, in sixty days, in case the note then given was not paid. The note in suit was then delivered to the maker. The attorney testified that the delivery was from inadvertence. The defendant was present during the entire trans-

action. The question is, whether this was any evidence of a payment of the note by the maker, so far as the giving the new note was concerned, or of an agreement to discharge the indorser. It .clearly was no evidence of payment, for it was expressly agreed that judgment should be taken upon it if the new note was not paid. This judgment could not be taken upon it if paid and discharged. So far from the evidence tending to prove a payment, it proved distinctly the reverse, that it .should continue in force and available, unless the new note was paid. The evidence admits of no other inference. The note continuing in force, there is not the slightest evidence of an agreement to discharge the defendant as indorser. Not one word was uttered or any allusion made in relation to any such discharge. The defendant testifies that he supposed he was released. This was no evidence of the fact. There was, therefore, no evidence authorizing the judge to submit the inquiry, whether there was an agreement or intention to discharge the defendant, to the jury. The exception to such submission was, therefore, well taken. The judgment was, therefore, properly reversed upon this ground, unless the defendant had the legal right to require the judge to direct a verdict in his favor, upon the ground that the agreement to delay the action discharged him. He had no such right, for the reason that a verdict. finding that he assented to such agreement, could not be regarded as against the weight of the evidence. This renders it unnecessary to inquire whether the attorney was authorized to make the agreement.

The order appealed from must be affirmed, and judgment, found upon the stipulation, given against the defendant.

Order affirmed.