WALTER J. WRIGHT, Appellant, *v.* DEWITT C. HUNTER, Respondent.

An order of the General Term granting a new trial upon questions of fact, in a case tried by a jury, is not appealable.

Where the case was tried by jury and the return shows, that questions of fact were legitimately before the General Term, and that the new trial may have been granted upon questions of fact, the appeal will be dismissed.

(Submitted September 11, 1871; decided November 10, 1871.)

APPEAL from order of the General Term of the eighth judicial district, reversing a judgment entered in Cattaraugus county upon the verdict of a jury, and also an order denying defendant's motion to set aside such verdict, made on the minutes of the court. The facts upon the question decided appear in the opinion of the court.

*D. H. Bolles*, for appellant. The court is bound to presume judgment was set aside on questions of law only. (*E. R. Bank* v. *Kennedy*, 4 Keyes, 279.)

*E. C. Robbins*, for respondent.

RAPALLO, J. An appeal lies to the General Term of the Supreme Court, *on the law*, from a judgment entered on the report of referees, or the direction of a single judge, in all cases; and *upon the fact*, when the trial is by the court or referees. (Code, § 348.)

No appeal on the fact, from the *judgment*, lies to the General Term, when the trial is by jury.

A party, desiring to obtain a review of the finding of a jury, must make a motion to set aside the verdict on the evidence, and for a new trial, either to the judge at the circuit, on his minutes, pursuant to section 264, or to the court at Special Term, pursuant to section 265. An appeal from the order of the judge at circuit, or of the court at Special Term, on such motion, will lie to the General Term, under section 349; the order of the judge at circuit being regarded as a Special Term order.

Prior to the year 1860, decisions of the General Term granting or refusing new trials upon questions of fact, were not reviewable in this court in any case; but in that year a provision was inserted, in section 268, relative only to cases tried by the *court*, that if the judgment is reversed at General Term on questions of fact, the question whether it should have been reversed, either on questions of fact or of law, should be open to review in the Court of Appeals; and it is also enacted in the same clause, that if the judgment is reversed at General Term, it shall not be deemed to have been reversed on questions of fact, unless so stated in the judgment of reversal.

The same provisions are, by section 272, applied to cases tried by a referee.

There is no provision in the Code for the review in this court of an order of the General Term granting a new trial upon questions of fact, where the case was tried by a jury; and the general provision of section 11, authorizing appeals from orders granting new trials, has not been construed as entitling the appellant to a review here of the decision of the

General Term upon questions of fact, except in cases tried before the court or a referee. (30 N. Y., 134.)

If, therefore, in a case tried before a jury, the judgment has been reversed, and a new trial granted upon questions of fact, and the proceedings have been regular, an appeal will not lie to this court.

The question in this case is, how it shall be made to appear in a case where the trial was by jury, and a new trial has been granted at General Term, whether such new trial was granted on questions of law or of fact.

In cases tried before the court or a referee there is no difficulty, for sections 268 and 272 provide, that the judgment shall not be deemed to have been reversed on questions of fact, unless so stated in the judgment of reversal; and this court has no power to look elsewhere.

But sections 268 and 272 not being applicable to cases tried by a jury, we find ourselves, as to such cases, as free from any statutory rule, as if the requirement of a statement in the judgment did not exist, and we must look at the return for the purpose of determining whether the judgment was or may have been reversed as questions of fact.

In the case of *The East River Bank* v. *Kennedy* (4 Keyes, 279), cited by the appellant, WOODRUFF, J., after showing that the requirements of sections 268 and 272 are not applicable to cases tried by jury, says, that in such cases a party against whom a new trial has been granted upon questions of fact, ought not to be enabled to avoid the order by appealing to this court, and here showing that no error of law was committed upon the trial. But that, to prevent that result, the party obtaining the new trial should see to it that it be made to appear by the record, or in some other proper manner, that the new trial was ordered upon questions of fact.

We are inclined, and we think that the prior adjudications of this court require us, to go farther than the learned judge to whose opinion we refer.

Considering that the appellant is the party alleging error in the decision of the General Term, it seems to us that the

burden should be upon him, to show that the granting of a new trial was erroneous in matter of law. If it appears by the return that exceptions were taken at the time, and that there was no substantial conflict as to the facts, or that no application for a new trial was made to the judge at circuit, or to the Special Term, we are justified in assuming that the General Term passed exclusively upon questions of law, no others having been properly before them ; and we will review those questions. But where the return shows that questions of fact were legitimately before the General Term, and that the evidence was such that the court may have reversed the judgment on the facts, it is impossible to say, from an inspection of the record, that they committed an error of law in granting a new trial, though we should be of opinion that none of the exceptions were well taken.

In the cases of *Hoyt* v. *Thompson's Ex'ro* (19 N. Y., 208, 211) ; and *Miller* v. *Schuyler* (20 N. Y., 522), it was held, that unless the case was such as to negative any inference that the new trial was granted on questions of fact, an appeal from the order presented no question of law for adjudication by this court. Those decisions were made before the amendment of 1860, allowing a review here upon the facts in cases tried before the court or a referee, and are no longer applicable to that class of cases. But they are applicable to cases tried by jury, the law in respect to them being the same as when those decisions were rendered.

The return upon which the present appeal was heard, shows that, after the rendition of the verdict, a motion was made to the judge at the circuit upon the minutes, to set aside the verdict, and for a new trial upon the exceptions, and for insufficient evidence, pursuant to section 264. That this motion was denied, and judgment entered without prejudice to a review of the verdict on the evidence, as well as the exceptions, on appeal to the General Term, as if judgment had not been entered. That thereupon, appeals were taken to the General Term from the judgment, and also from the order denying the motion made upon the minutes for a new

trial on the exceptions, and for insufficient evidence. That that appeal was heard upon a case setting forth the evidence, and also containing exceptions. That an order was thereupon made by the General Term reversing the judgment and granting a new trial, but not stating upon what ground, and a judgment was entered in conformity with that order.

The case was regularly before the General Term for review, as well upon the facts as the law. The evidence was such as to justify a reversal upon the facts, and in addition to all this, the opinion of the court below, after reviewing the evidence and expressly approving of the rulings of the judge at the trial, states that the error was not that of the judge, but of the jury. That their verdict ought to have been for the defendant, and that, therefore, it should be set aside and a new trial granted.

I think that these considerations are sufficient to satisfy us that this appeal does not present a question of law, and should be dismissed for that reason. There is no reason for depriving the defendant of the new trial he has obtained, on account of his failure to obtain an entry of the grounds of decision in the judgment of reversal, there being no statute requiring or authorizing such entry to be made. The appeal should be dismissed.

All concur.

Appeal dismissed.