LOUIS SELTENREICH, Respondent, *v.* NICHOLAS HIEMENZ, Appellant.

In an action for work, and labor and materials furnished in manufacturing certain articles for defendant, the defence was that the articles were not to be paid for, until defendant should collect and receive pay from those to whom he should sell them, and that, in consequence of the unskillful manner of their construction, the articles were defective, and the defendant's vendees refused to pay therefor.

*Held*, it was not competent for defendant, upon the trial, to show that his vendees claimed damages.

The judge charged the jury, that, if they found the agreement was, that defendant might sell on a reasonable term of credit, and he had so sold

and that term had expired, then plaintiff could recover, though defendant had not been paid by his vendees: to which defendant excepted.—*Held*, exception not well taken.

(Argued December 5, 1871; decided December 12, 1871.)

APPEAL from order of the General Term of the Supreme Court, in the fourth department, and the judgment entered thereon, affirming an order of the Special Term, denying a motion for a new trial.

The action was for work, labor and materials done and furnished by the plaintiff for the defendant, in the manufacture of beer coolers.

There was no conflict of evidence as to the value of the materials and work and labor; but the point litigated on the trial was, whether the plaintiff was or was not to give credit until the brewers to whom defendant sold the coolers should pay the defendant. The questions raised upon the trial, presented here for review, and the evidence relating thereto, sufficiently appear in the opinion.

The action was tried at November Circuit, 1868, in Erie county, and a verdict rendered for the plaintiff for $768.43.

*Lewis & Gurney*, for appellant. Defendant, on the undisputed evidence of the agreement as to time of payment, was entitled to a verdict. (*Bartlett* v. *Hoppock*, 34 N. Y., 118, 125; Spence Eq. Jur., vol. 1, p. 556; *Crouse* v. *Fitch*, 7 Trans. App., 101, 103; *The Townsend Mfg. Co.* v. *Foster & Tower*, 51 Barb., 346; *Adsit* v. *Wilson*, 7 How. Pr., 64.) A party is entitled to recover all damages, including gains prevented as well as losses sustained. (*Griffin* v. *Colver*, 16 N. Y., 480; *Internat. Bank* v. *Montauk*, 39 id., 297.) "It is error of law for a court to find a fact of which there is no evidence." (*Brush* v. *Lee*, 36 N. Y., 49; 3 Abb. Pr., N. S., 204; *Byant* v. *Byant*, 42 N. Y., 17, 18.) On an entire failure of proof, this court will reverse judgment, though no exception was taken on the trial. (*Brookman* v. *Hamill*, 43 N. Y., 554.)

*James Sheldon*, for respondent.

Per Curiam. 1st. The offer of evidence by defendant was properly refused. The answer set up, that by agreement, he was not to pay for the coolers any sooner than he should receive payment therefor, from those to whom he should sell. It then avers that the plaintiff agreed and warranted that they should be made in a substantial, skillful and workmanlike manner. It then negatives the making of them in that manner, and avers that thereby they leaked badly and some of them burst, and some of the vendees of them refused to pay for them, and claimed large damages against the defendant, and that the defendant has been unable to collect any pay for them on account of the plaintiff's failure to make the same as agreed, and that thereby the defendant had lost large profits, and had become liable to large damages. The offer of evidence was, we infer, under this part of the answer.

It was, that certain of the coolers leaked, owing to the unskillful manner in which made, and that the vendee claimed damage against the defendant. It was competent for him to prove that the coolers were not well made ; and the testimony to that was admitted. But it was not proper to show that the vendee claimed damage. It did not tend to establish anything in issue between the parties to the action. There was nothing definite. It showed no damage. The testimony was properly rejected.

2d. The judge charged the jury, that, if they found the agreement was that the defendant might sell the coolers on a reasonable term of credit, and he had so sold them on a customary and reasonable credit, and that had expired, then the plaintiff might recover, though the defendant had not been paid by his vendee. To this the defendant excepted. The exception was not well taken, if there was any testimony given from which the jury might properly so find.

The plaintiff testified, without objection, that he told defendant he would wait for pay until he got his money in from the brewers, usual time ; that what he meant to be understood in his testimony was that he would wait for his pay a reasonable time. It was in testimony from both the plaintiff and the

defendant that one customer of the defendant requesting an unusual length of credit, the defendant, before giving it, asked the plaintiff's assent to it.    It is true that there was testimony to the reverse of that given by the plaintiff, conflicting with it directly; but if the jury believed the plaintiff circumstantially sustained by the agreement with him of the defendant, as to the assent of the plaintiff being sought to an unusual time of credit, they had testimony before them on which to find in accordance with the rule given to them by the charge excepted to.    There was no error in the charge.

3d.  The Special and the General Terms refused to set aside the verdict as against the weight of evidence.    This refusal is not reviewable in this court.    (*East River Bank* v. *Kennedy*, 4 Keyes, 279.)   If it were, we should not be able to find an error in so ruling, for, as we have already stated, there was evidence to sustain the charge of the judge excepted to, and the same evidence, though contradicted, will sustain the verdict, for there was not such a preponderance of evidence against it as to completely overbear it.

The judgment appealed from must be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.