GEORGE R. DOWNING, Appellant, *v.* JOHN KELLY, Sheriff, etc., Respondent.

Where a new trial is granted in an action tried by a jury, and the record shows that questions of fact were properly before the General Term for decision, and that the order for a new trial may or could have been based thereon, this court will not review it for the purpose of reversal. Resort cannot be had to the opinions of the General Term, but it must be ascertained and determined by the record alone, whether the order was granted on questions of fact or of law.

(Argued January 3, 1872; decided May term, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial district reversing a judgment in favor of plaintiff, and also an order denying a new trial, and granting a new trial. The facts presenting the points decided sufficiently appear in the opinion. The case is reported below, 49 Barb., 547.

*Francis Kernan* for the appellant.

*A. J. Vanderpoel* for the respondent. Both questions of fact and of law were involved in the hearing before the General Term, and this court cannot review the order, if it can stand consistently with any view to be taken of the evidence. (*Miller* v. *Schuyler*, 20 N. Y., 522; *Macy* v. *Wheeler*, 31 N. Y., 231, 237; *Sanford* v. *Eighth Av. R. R. Co.*, 23 N. Y., 343.) That the order does not state the reversal was upon questions of fact, is immaterial. (*Wright* v. *Hunter*, 4 Alb. Law Journal, 352.)

LOTT, Ch. C. It is claimed on behalf of the respondent that the appeal in this case should be dismissed, on the ground that the order of the General Term granting a new trial was made on an appeal involving questions of fact as well as of law. It appears from the return that the defendant moved for a new trial at Special Term, upon a case made, and that the exceptions taken on the trial were ordered to be heard, in the first instance, at General Term. It is evident, therefore, that the motion for a new trial was based on questions of

fact. Indeed, the counsel for the appellant, in his supple-mentary brief, states that the "defendant moved for a new trial at Special Term, under section 264, for *insufficient evidence*, which was denied. After judgment defendant appealed to the General Term from the judgment and order, where questions of fact and of law were fully presented." The order of the General Term on those appeals was in the following terms: "Ordered that said *order* and said judg-ment be, and each of the same is, hereby vacated, revoked and set aside, and further, that a new trial of this action be had, costs to abide the event."

It is thus shown by the order itself that the new trial was granted on questions of fact as well as of law, and under a late decision of the Court of Appeals made in the case of *Wright* v. *Hunter* (46 N. Y., 409), in November 1871, it is not reviewable by us for the purpose of reversing it. That case at the time of the argument was not reported, but a copy of the opinion given therein was delivered to us.

The question was there fully and ably considered by Judge RAPALLO, and the rule is declared to be that if, "in a case tried before a jury, the judgment has been reversed, and a new trial granted upon questions of fact, and the proceedings have been regular, an appeal will not lie to this court."

He also says that the return made to this court must be examined for the purpose of determining whether the judg-ment was or *may have been* reversed on questions of fact, and declares the rule controlling such determination in the fol-lowing terms: "If it appears by the return that exceptions were taken at the trial, and there was no substantial conflict as to the facts, or that no application for a new trial was made to the judge at circuit, or to the Special Term, we are justi-fied in affirming that the General Term passed conclusively upon questions of law, no others having been properly before them, and we will review those questions; but where the return shows that questions of fact were legitimately before the General Term, and that the evidence was such that the court may have reversed the judgment on the facts, it is

impossible to say, from the inspection of the record, that they committed an error of law in granting a new trial, though we should be of opinion that none of the exceptions were well taken."

The opinion in that case states that after the rendition of the verdict therein, a motion was made to the judge at the circuit, upon the merits, to set it aside, and for a new trial upon exceptions, and for insufficient evidence, pursuant to section 264 of the Code; that this motion was denied; that judgment was entered without prejudice to a review of the verdict on the evidence as well as the exceptions on appeal to the General Term, as if the judgment had not been entered; that, thereupon, appeals were taken to the General Term from the judgment, and also from the order denying the motion made for a new trial on the exceptions, and for insufficient evidence; that such appeal was heard upon a case setting forth the evidence, and also containing exceptions; that an order was thereupon made by the General Term reversing the judgment and granting a new trial, but not stating upon what grounds, and that a judgment was entered in conformity to such order. The appeal to the Court of Appeals was from that order, and it was dismissed on the ground that it did not present any question of law, and it was said, at the end of the opinion, that there was "no reason for depriving the defendant of the new trial he had obtained on account of his failure to obtain an entry of the grounds of decisions in the progress of reversal, there being no statute requiring or authorizing such entry to be made."

From that statement it is shown that the present case is substantially like that, and the principle fairly deducible from that decision is, that if the record shows that questions of fact were properly before the General Term for decision on the appeal to them, and that the order for a new trial may or could have been based thereon, then this court will not review it for the purpose of reversal, or, in other words, it is necessary to sustain the appeal from such an order to this court,

for such a purpose, that it shall appear by the record to have been founded on question of law only.

It is true that in the case of *Wright* v. *Hunter, supra*, the learned judge, in that opinion, after laying down the rule applicable to the review of such an order as stated by him, to which I have above particularly referred, and after stating that this case was regularly before the General Term for review, as well upon the facts as the law, and that the evidence was such as to justify a reversal upon the facts, adds, " And in addition to all this, the opinions of the court below, after reviewing the evidence and entirely approving of the rulings of the judge at the trial, states that the error was not that of the judge, but of the jury ; that their verdict ought to have been for the defendant, and that therefore it should be set aside and a new trial granted ; " and he then concludes: " I think that these considerations are sufficient to satisfy us that this appeal does not present any question of law, and should be dismissed for that reason."

The opinion, in the case before us, was given by Barnard, J., and is based on the single ground that " the defendant was entitled to have his sixth request charged substantially as requested," and after the consideration of that point, he concludes with the following remark : " The conclusion arrived at, on this point, rendering a new trial necessary, I forbear to consider the question presented by the appeal upon the facts, or the other exceptions taken by the defendant." Leonard, J., adds at the end of it the word " concur," but it does not appear for what reason Judge Clerke, the other judge, sitting on the argument of the case, concurred in the order from which the appeal was taken to this court.

It is claimed by the appellant's counsel that it is shown by that opinion and the concurrence of Judge Leonard therein, that the said order was based on a question of law only. Such a conclusion does not necessarily follow from those facts. All that can properly be claimed from the remark of Judge Leonard is, that he concurs in the reversal of the judgment, and in the ground stated therefor by Judge Barnard, but it

does not justify the inference that he placed his decision on that ground only. It is, however, immaterial whether he did or not. This court is not limited or restricted in the review of the case, on the appeal, to the grounds or reasons assigned in the opinion of the court below for the decision made by it. This rule or principle is well settled, and the reference of Judge RAPALLO to the opinion of the General Term must be considered as confirmatory, merely, of the conclusion and rule previously enunciated by him, and not as declaring that it may be determined and decided by what is stated therein, whether the order appealed from was founded on questions of fact or law.

My conclusion, therefore, upon the facts appearing in the record in this case, is that this appeal cannot be entertained for the purpose of reversing that order. Whether we could properly affirm it and render judgment absolute against the appellant, on his stipulation to that effect, if any of the exceptions should be found to be well taken, it is not necessary to express an opinion, as we are unable, after an examination of them, to concur in so deciding.

The order, for the reasons stated, must be dismissed, with costs.

Subsequent to the dismissal of the appeal, my attention has been called to another decision by the Court of Appeals on the question above considered, made in the case of *Sands* v. *Crooke* (now reported in 46 N.Y., 564), shortly after the decision in *Wright* v. *Hunter* (*supra*), and I have been favored by the reporter with a copy of the opinion given therein. That was also written by RAPALLO, J., and he therein, after referring to the said decision of *Wright* v. *Hunter*, and stating that it was there held that in cases tried by a jury, where a new trial is granted at General Term, the Court of Appeals " will not entertain an appeal from the order granting a new trial, if it appears from the return that such order was or may have been made upon questions of fact," then adds: " Where there is a substantial conflict in the testimony, and a motion for a new trial upon the evidence has been made at Special Term, or to

the judge at Circuit, and denied, and an appeal from that order taken to the General Term, the question of the weight of evidence is properly before the General Term ; and though there be also exceptions in the case, it is impossible to determine from the record that the new trial was granted upon the exceptions alone. The appellant, therefore, in such a case, fails to show that the General Term has committed an error of law in granting a new trial. If granted upon the evidence (the trial having been by a jury), its decision is not reviewable in this court." This is confirmatory of the opinion above expressed by me, that it must be ascertained and determined by the record alone whether the order was granted on questions of fact or law.

All concur.

Appeal dismissed.