Church, Ch. J.
This is an equitable action brought to recover one-third of the personal estate left by Oliver Ehead, husband of the plaintiff’s intestate, Mary Ehead, which had been received by the defendant’s testator, Benjamin Ehead, as administrator of Oliver Ehead, and to set aside a release executed by the said Mary Ehead to the defendant as executor.
Two questions were ordered to be tried by a jury: first, whether any undue influence was practiced upon Mary Ehead to obtain the release, and second, whether the said Mary Ehead, at the time of signing the release, had sufficient mental capacity to know or understand the character or effect of the release. The jury answered “nod’ to both questions, thereby negativing undue influence, and affirming a want of *473 mental capacity, whereupon the court adjudged the release to be void and ordered judgment for the plaintiff.
There are no exceptions raising questions of law in the case. There was evidence tending to show a want of capacity, and the decision of the jury was not so destitute of facts to sustain it as to justify the court in deciding as a matter of law that it is against or without evidence. It is insisted, however, that this court has the power and it is its duty to examine the question of fact and decide it according to the weight of evidence. It is urged, in substance, that the order for trial by a jury of a specific question of fact in an equitable action, being a substitute for a feigned issue under the old chancery practice, and there being no restriction or limitation upon the power of this court in the Constitution, or in any statute, we must adopt the practice existing before the Code in equity cases and review the facts as well as the law. (Code, § 469.) This question has never been definitely settled by this court. It was very much discussed in the recent case of Shumway v. Shumway (not reported), and there was. some difference of opinion among the members of the court, but judgment was affirmed without deciding it. There is no alternative in this case. The question is not free from difficulty, and it is not surprising that able judges and lawyers have differed upon the point. This difference is caused by the unfortunate and inexpressive arrangement and language of the Code, and by the inherent difficulty in blending two systems of procedure, quite unlike in most particulars, into one. I have arrived at the conclusion that this court possesses no power to review the facts in such a ease, and the reasons for this conclusion will be stated briefly. ¿The distinction between actions at law and suits in equity is abolished by the Code, so far as the mode of enforcing them is concerned. (§ 69.)
A uniform system was intended to be adopted, and the system actually adopted assimilates in its principal characteristics to the practice in the law courts, instead of that in equity courts. The introduction of a proceeding peculiar to the old *474 equity practice does not operate to withdraw the cases in which it is used in other respects from the application of the other provisions of the Code.
The order for trial by jury of a specific question of fact, authorized by section 72, was borrowed from the chancery practice, and in terms is introduced as a substitute for the. proceeding by feigned issue. The -language of this section confines it by implication to actions of an equitable nature, but section 254 authorizes the same proceeding in all actions not required to be tried by a jury, irrespective of their char-: acter. There are but three modes of trial prescribed by the - Code, and they embrace every possible civil action, viz.,, by jury, by the court and by referees. (§§253, 254, 270,. 271.) Every action must be tried by one of these modes. Such is the arrangement of the Code, and the provisions for review are in harmony with it. The use of two, or all of them, as an agency in ascertaining particular facts, does not constitute a new mode of trial, nor does the use of a jury to. find a specific question of fact make the trial a trial by jury within the meaning of the Code, any more than such finding. by a referee would make it a trial by referees. A trial, is. defined to be the judicial examination of the issues (not .a portion of them) between the parties. (Id., 252.) Issues of, fact in certain actions must be tried by a jury.. (Id., 253.) Every other issue is triable by the court (id., 254), but the court may order any such issue (that is, the whole issue) to be tried by a jury or referee, in which case the trial will be regarded a trial by jury or by referees. A jury trial under the Code is only where the jury determines the whole issue by a general verdict, with or without special findings, or by a ¡ special finding embracing all the facts. (Id., 253, 260, 261.) It follows that when a specific question of fact only is ordered to be tried by a jury it is not a trial of the issue by jury. It is not, of course, a trial by referees, but it is a trial by the court. The Code declares, in legal effect, that every, issue not tried by a jury or referees must be tried by the court. It is said that the questions sent out to the jury may *475 be controlling, and that the judgment is rendered upon such finding, and that section 267, requiring a statement by the court of facts found and conclusions of law separately is not applicable. This, I think, is a mistake. The facts found by the jury may or not be controlling in deciding the case; but whether they are or not, they must be approved by the court before they are made the basis of a judgment, and, if approved, they become, by adoption, the findings of the court. These findings should be specified in the statement required by section 267, together with other facts found by the court without the intervention of a jury. If the order for trial is made in ah equitable action it is a substitute for the old feigned issue, and the finding has the same and no greater force or effect than a finding under that proceeding in chancery had. Such a finding was used to inform the mind or conscience of the court. It was a means for the court to ascertain the facts for itself, and not as an independent adjudication. It was ancillary to the judgment of the court. The nature of the proceeding contemplated an approval by the court. In ordinary trials by jury, it is the peculiar province of the jury, and not the court, to decide the facts." Courts may set aside verdicts as against the weight of evidence, but this power is restricted by fixed rules and within defined limits. Every intendment is in favor of the verdict, and it has a far more binding effect than the finding upon a feigned issue. The latter may or not be adopted by the court. The "court may set the verdict aside and order a new trial, or find the facts itself and discharge the order, or it may qualify or alter the finding. The practice upon feigned issues was fully considered in 12 Barbour, 385, by Willard, J.
; The mode of reviewing questions of fact and law was intended to be uniform. It is true that there is no restriction in the Constitution upon the power of this court to review the facts, except as may be implied from its limitation to an appellate jurisdiction, and that implication would not probably extend to equity suits. It was left to the legislature to define the jurisdiction of the court, and the theory and policy *476 of the Code is to restrict its jurisdiction to questions of law, and limit the review of facts to the Special and General Terms of the. Supreme Court. The only exception is when the General Term reverses a judgment entered upon a trial by the court or referees upon the facts, and so certifies in the order of reversal. In that case this court is required to review such reversal, but in no other case can it review the facts. In a trial by jury the facts may be reviewed on a motion for a new trial at Special Term upon a case, or on the minutes of the court and upon an appeal to the General Term from an order granting or refusing a new trial upon such motion. (Id., 265, 349.)
This court has uniformly disclaimed the power to review the facts in a trial by jury in any case. ( Wright v. Hunter, 46 N. Y., 409.) In a trial by the court or referees, which is substantially the same (id., 267, 272), the General Term is authorized to review the facts upon an appeal from the judgment, and the Code expressly confines such review to that tribunal, except in the instance above specified. (Id., 268, 272.) The intention of the Code to prohibit the review of facts by this court is clearly manifested by these provisions, and is confirmed by the general consideration that the legal" and not the equitable practice is substantially adopted. Writs of error are abolished, and appeals substituted. The former brought up questions of law only, the latter perform the same office, except when otherwise provided. This view also produces uniformity, while the other would recognize two systems of practice, not in different classes of cases, but in certain cases dependent upon the adoption of a particular proceeding. This could not fail to produce incongruity and confusion. If it is legitimate to reason upon the question, it is difficult to see why this court should be precluded from reviewing facts where the court tried the action without the aid of a jury, and be required to do so when such aid was rendered. It would imply more safety in the opinion of the judge than in judge and jury. Again, what reason can be urged for making a trial, where this proceeding is resorted to, *477 an exception as to remaining facts from every other trial ? In every other case the General Term is the ultimate tribunal; why should this be .an exception ? Not certainly from its necessary or probable importance or complication. Besides, since the Code expressly professes to provide for the trial and review of every conceivable civil action, we should require the clearest ground for holding that it has omitted to provide for reviewing a certain form of trial.
The question of the power of this court to review questions of fact in such cases must not be confounded with the question, whether the rules applicable to exceptions upon ordinary trials by jury must be applied in reviewing such trials upon an appeal from the judgment. The effect of the section, 72, is, I think, to determine the force of the finding of the jury in an equitable action. It is difficult to discover any other reason for its introduction, because the same proceeding is authorized by section 254. It is quite clear that the court by which the trial is had is not bound to regard exceptions which ought not to affect the merits, and if so it is equally clear that this court, reviewing the questions of law upon the trial, must adopt the same rule. So if the court should mislead the jury by an erroneous charge upon the law, the error might, if vital or important, be available in this court without an exception. This seems to result from the adoption of this chancery proceeding, and to this extent the reasoning in the case of Forrest v. Forrest (25 N. Y., 501) applies. Such,, also, I understand to have been the opinion of a majority of this court in Shumway v. Shumway ; but that point is not involved in this case, and it is unnecessary to pass upon it. It is only referred to for the purpose of affirming that it has no bearing upon the question of the power of this court to review the facts.
The judgment must be affirmed.
All concur except Allen and Rapallo, JJ., dissenting.
Judgment affirmed