BENJAMIN ANDREWS, Appellant, *v.* TIMOTHY LONG, Respondent.

ELIZABETH A. ANDREWS, Appellant, *v.* TIMOTHY LONG, Respondent.

The provision of the Code of Civil Procedure (§ 1342), in reference to appeals to the Supreme Court from orders of a County Court, confines the appellate jurisdiction to orders in actions originating in the County Court.

Accordingly, *held,* that an order of County Court dismissing an appeal from a judgment of a justice of the peace, was not appealable to the Supreme Court.

*Andrews v. Long* (19 Hun, 303), reversed.

(Argued January 13, 1880; decided January 20, 1880.)

APPEALS from orders of the General Term of the Supreme Court, in the second judicial department, affirming orders of the County Court of Kings county, which in each case dismissed an appeal to that court from a judgment of a justice of the peace. (Reported below, 19 Hun, 303.)

. *John Andrews,* for appellants.

*George Hill,* for respondent. The appeal should have been dismissed by the Supreme Court, for the reason that the order of the County Court was not appealable, being from a judgment of a justice of the peace. (Code Civil Proc., §§ 1340–1345 ; § 3, subd. 1; *Beal* v. *Fitch,* 11 N. Y., 144.)

*Per Curiam.* We see no answer to the point made by the respondent, that the appeal to the Supreme Court, from the order of the County Court, dismissing the plaintiff's appeal to that court, should have been dismissed by the Supreme Court, for the reason that the order of the County Court was not appealable. The appellate jurisdiction of the

Supreme Court over the judgments and orders of inferior courts is defined and regulated by sections 1340 to 1345 inclusive, of the Code of Civil Procedure.

The provisions of the Old Code on this subject were repealed by chapter 417, Laws of 1877. Section 1340 authorizes an appeal to the Supreme Court from a final judgment rendered by a County Court, or other court of record, where an appeal to a court other than the Supreme Court is not expressly given by statute. Section 1342 is as follows : " An appeal may also be taken to the Supreme Court from an order affecting a substantial right made by a court or judge in an *action brought in a court specified in the last section but one."*

The courts so specified are " County Courts, or other courts of record," and the orders made by these courts, from which an appeal lies to the Supreme Court, are, by the express language of section 1342, orders made in an action brought in these courts.

The order of the County Court in this case, from which an appeal was taken to the Supreme Court, was not made in an action brought in the County Court, but in an action brought in a justice's court. The appeal from the judgment of the justice to the County Court, was not the bringing of an action in that court.

The language of section 1342 is plain and unambiguous, and confines the appellate jurisdiction of the Supreme Court, over the orders of the courts mentioned in section 1340, to orders in actions originating therein.

We are not at liberty to change the statute, or to extend it to cases not within its language and import, upon the suggestion that the Legislature did not intend to change the prior rule governing appeals from orders of inferior courts, when it has expressly abrogated the prior statute upon the subject.

The General Term instead of affirming the order, should have dismissed the appeal, and we think the proper disposition of the case here is to reverse the order of the General

Term, without costs in this court, and to remit the case to the Supreme Court, to the end that an order may be there entered, dismissing the appeal to that court.

All concur.

Appeals dismissed.