GEORGE KINCAID, RESPONDENT, *v.* JAMES B. RICHARD-SON, APPELLANT.

*County court — an order of, granting leave to issue an execution upon a justice's judgment, is not appealable — Code of Civil Procedure, §§ 376, 382, sub. 7, relate to remedy by action only.*

No appeal lies to the General Term from an order of a County Court, granting leave to issue an execution upon a judgment recovered in a Justices' Court, where a transcript thereof was filed and judgment thereon docketed in the clerk's office of the county in 1866.

The sections of the Code of Civil Procedure (§§ 376, 382, sub. 7) prescribing the times within which actions upon judgments must be brought, relate only to the remedy by action and do not affect the remedy by execution.

APPEAL from an order of the Oneida County Court granting leave to issue an execution upon a judgment recovered in a Justices' Court for ninety-two dollars and sixty-six cents, a transcript of which judgment was filed and judgment thereon docketed in the clerk's office of said county on 29th January, 1866.

*Richardson, Adams & Mann* and *E. J. Richardson,* for the appellant.

*Lindsley & Danmore,* for the respondent.

SMITH, P. J.:

A question of some gravity is presented by the objection taken by the respondent that the order of the County Court is not appealable, for the reason that an appeal does not lie to this court from an

order made by a County Court in an action originally brought in a Justices' Court. Under section 1342 of the new Code, as originally framed, it has been held that an appeal will not lie to this court from an order of a County Court made in an action commenced in a Justices' Court and brought into the County Court by appeal. (*Andrews* v. *Long*, 79 N. Y., 573; *Fish* v. *Thrasher*, 21 Hun, 15.) The section was amended at the last session so as to give an appeal in such a case. (Laws 1881, chap. 135.) As the amendment was adopted after the appeal herein was taken, it is not applicable to the present case; and if it were, it would not aid the appellant as this action was not taken to the County Court *by appeal*. No appeal lies in this case under section 1342, unless the action can be treated as one brought in the County Court. Section 63 of the old Code, which was in force when the transcript was filed and the judgment was docketed in the county clerk's office, declared the judgment to be from that time "a judgment of the County Court." And by the language of section 3017 of the new Code, "thenceforth the judgment is deemed a judgment of the County Court * * * and must be enforced accordingly." But, notwithstanding these provisions, the action is not one originated in the County Court; it was brought in a Justices' Court, and therefore section 1342 does not apply.

The circumstance that the order appealed from was made after judgment in the County Court is of no moment. It is the same, so far as the right of appeal given by section 1342 is concerned, as if the order had been made before judgment.

The appellant's counsel suggests that a right of appeal is secured to his client by section 3352 of the present Code, which declares the effect of the Code on previous proceedings taken or rights accrued. The answer is that the appeal had not been taken, nor had the right of appeal accrued when the Code went into effect.

Section 1357 is also invoked in support of the appeal; but that gives an appeal from orders made in special proceedings only. The order in this case was made in an *action*.

We are inclined to the opinion that the statute does not confer upon this court the power to review the order appealed from, and are forced to the conclusion that the appeal must be dismissed.

But as the question is new and perhaps not free from doubt, we

have examined the case on its merits. The only question of any moment is whether the remedy by execution is barred by the statute of limitations. We think it is not. Whether the remedy by action on the judgment is barred by the statute is a question that need not now be discussed. That question turns upon the point whether the judgment is to be regarded as a judgment of the County Court, and so within the twenty years' limitation (Code of Civil Pro., § 376), or as a judgment of the Justices' Court, which is barred in six years. (Sec. 382, sub. 7.) Statutes of limitation relate only to the remedy, and the particular statutes referred to relate only to the remedy by action. The remedy by execution is not affected by them. (*Johnson* v. *The Albany and Susquehanna R. R. Co.*, 54 N. Y., 416; *Waltermire* v. *Westover*, 14 N. Y., 16.)

For the reasons above stated the appeal should be dismissed, with ten dollars costs and disbursements.

HARDIN and HAIGHT, JJ., concurred.

So ordered.