THE ITHACA AGRICULTURAL WORKS, Appellant, *v.* JUDAH EGGLESTON, ALDEN D. EGGLESTON, Contestant, Respondent.

As to whether an appeal lies to the Supreme Court from an order made by a County Court in an action in which a transcript was filed from Justice's Court, *quære*.

A transcript of a Justice's Court judgment for $310.69 was filed in the county clerk's office. After the expiration of five years a motion was made by plaintiff in the County Court for leave to issue execution. On the hearing of the motion defendant did not appear, but another person appeared to oppose and presented affidavits to the effect that he was the owner of the judgment, under and by virtue of an assignment executed by plaintiff's general agent. The matter was referred to a referee, who reported that plaintiff made an agreement in writing to sell the judgment, and that there was no fraud inducing it. The court, on hearing counsel for plaintiff and the contestant, the defendant not appearing, confirmed the report, denied plaintiff's motion, with costs to the contestant. *Held*, that it was a special proceeding within the meaning of the Code of Civil Procedure (§ 1357), and that the order was appealable to the Supreme Court. *Kincaid* v. *Richardson* (25 Hun, 237); *Andrews* v. *Long* (79 N. Y. 573), distinguished.

(Argued October 4, 1887; decided November 29, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made November 9, 1886, which dismissed an appeal from an order of the County Court of Chenango county, denying a motion to set aside the report of a referee and for leave to issue execution.

The material facts are stated in the opinion.

*E. Countryman* for appellant. The appeal to the General Term was authorized and the order was appealable. (*Kincaid* v. *Richardson*, 25 Hun, 237.) This was a special proceeding. (Code, § 1357; *Wadley* v. *Davis*, 38 Hun, 186; *Belknap* v.

*Waters*, 11 N. Y. 477.)   The order appealed from affected a substantial right.   (*Betts* v. *Garr*, 26 N. Y. 383 ; *Baldwin* v. *Roberts*, 30 Hun, 165.)   The judgment, when docketed, became a judgment of the County Court.   (*Belgard* v. *McLaughlin*, 44 Hun, 558 ; *Vedder* v. *Lansing*, id. 590.)   If there was an agreement to assign this judgment, and there is a breach of that agreement, Alden B. Eggleston has his remedy by action.   (*Betts* v. *Garr*, 26 N. Y. 383 ; *Lee* v. *Watkins*, 3 Abb. Pr. 243 ; *Mereness* v. *Brenan*, 7 N. Y. Week. Dig. 24 ; *Rose* v. *Henry*, 37 Hun, 397 ; *Smith* v. *McGowan*, 3 Barb. 404 ; *Frink* v. *Morrison*, 13 Abb. Pr. 80.)   Upon application for leave to issue execution under section 284 of the Code, the court cannot go behind the judgment, or inquire into its validity.   (*Lee* v. *Watkins*, 3 Abb. Pr. 243.)   The statute of limitations cannot be interposed as a defense to such a motion.   (*Rose* v. *Henry*, 37 Hun, 379.)   The contestant cannot enforce specific performance of the agreement on this motion.   Before that is done he must bring an action, and the plaintiff is entitled to a trial by jury.   (*Van Etten* v. *Hasbrouck*, 25 N. Y. Week. Dig. 283 ; 26 id. 85 ; *Howland* v. *Ralph*, 3 Johns. 20 ; *Myers* v. *Kelsey*, 19 id. 197.)

*Fancher & Sewall* for respondent.   The appeal to the General Term was not authorized.   It was not allowed by section 1342 of the Code of Civil Procedure.   (*Andrews* v. *Long*, 79 N. Y. 573 ; *Fish* v. *Thrasher*, 21 Hun, 15 ; *Perry* v. *Round Lake*, 22 id. 293 ; *Roberts* v. *Marson*, 21 id. 363.)   It was a discretionary order with the County Court and not reviewable at General Term.   (*Stibbons* v. *Cowles*, 30 Hun, 523 ; *Kugelman* v. *Rhodes*, 36 id. 269 ; Code of Civil Pro. § 1377, subd. 2 ; *Sherman* v. *Strauss*, 52 N. Y. 404.)   The appeal to this court is not authorized and cannot be sustained. (Code, § 191 ; *Marvin* v. *Seymour*, 1 N. Y. 538 ; *Brown* v. *Brown*, 6 id. 106 ; *Pugsley* v. *Kisselburgh*, 10 id. 421 ; *Younghanse* v. *Fingar*, 47 id. 99.)   The order was a discretionary one of the County Court, and not appealable to this court.   (*Powell* v. *Mills*, 53 N. Y. 322 ; *Bolles* v. *Duff*, 43

id. 469; *Anon,* 59 id. 315; *In re Kings Co. El. R. R. Co.,* 82 id. 95; *Sherman* v. *Strauss,* 52 id. 404; *Underwood* v. *Green,* 56 id. 247; *B'k of Genesee* v. *Spencer,* 18 id. 150; *Lawrence* v. *Farley,* 73 id. 187; *Beards* v. *Wheeler,* 79 id. 213; *People* v. *Campbell,* 72 id. 496; Code Civil Pro. § 190, subd. 2.) No party has a substantial right to an order that an execution issue after the lapse of five years on motion. (*Foote* v. *Lathrop,* 41 N. Y. 358; *Brinkerhoff* v. *Marvin,* 5 John. Ch. 320; *Beards* v. *Wheeler,* 76 N. Y. 213; *Miller* v. *Earle,* 24 id. 112.)

PECKHAM, J. On the 17th of January, 1878, the plaintiff obtained a judgment against the defendant, Judah Eggleston, by confession, in the court of a justice of the peace in Chenango county, for the sum of $310.69. A transcript of this judgment was filed in the clerk's office of that county on the 18th day of January, 1878. In September, 1883, the plaintiff's attorney noticed a motion for leave to issue execution, and in the affidavit upon which the motion was to be made, the foregoing facts were stated. It was also therein stated that the plaintiff was then the owner of such judgment, and that the same was then wholly unpaid; that five years had elapsed since the docketing of such judgment and the filing of a transcript thereof, and that no execution had ever been issued on such judgment. The motion was noticed for a term of the Chenango County Court, and the papers were duly served on the defendant Judah Eggleston. Upon the hearing of the motion the defendant did not appear, but one Alden B. Eggleston (called the contestant) appeared by his counsel and made an affidavit that he was the owner of the judgment by assignment from the plaintiff through its general agent. The motion was ordered to stand over, and permission was given to the plaintiff and contestant to furnish further evidence concerning the alleged assignment. Pursuant to such order the plaintiff and the contestant, Alden B. Eggleston, appeared before the County Court on the adjourned day, and each read further affidavits upon the question. The original defendant

still failed to appear, and the whole contest was carried on as against the plaintiff by the contestant, who insisted that he was the owner of the judgment. The County Court, feeling unable to decide that question upon the conflicting affidavits, ordered a reference to take the evidence of the parties and their witnesses upon the several issues, among them upon the issues of ownership and of fraudulent representations made by the contestant to the plaintiff's general agent to induce the assignment.

The referee heard the testimony and made a report in which he found that plaintiff made an agreement in writing to sell the judgment to the contestant upon certain terms, and that there was no fraud.

It does not appear that the agreement was ever carried out, but on the contrary it would seem never to have been. On this report of the referee a motion was made to confirm it, and on hearing counsel for the contestant and for the plaintiff, the defendant still not making any appearance, the County Court confirmed the report of the referee and denied the motion of the plaintiff to set it aside and for leave to issue execution, and granted ten dollars costs to the contestants besides disbursements to be taxed against the plaintiff. From that order of the County Court the plaintiff appealed to the General Term of the Supreme Court, and that court, after argument, dismissed the appeal as not appealable, and from that order the plaintiff has appealed here.

It is said that the order of the County Court was not appealable under sections 1340 and 1342 of the Code, because it was not an order made in an action brought in or taken by appeal to the County Court. It is true the original action was brought in a Justice's Court and judgment was entered therein by confession, but a transcript was filed in the County Court, and thenceforth the judgment, by the terms of the statute, is deemed a judgment of the County Court and must be enforced accordingly. (Code, § 3017.) Whether such a case is not within the plain meaning of the statute regulating appeals to the General Term from a County Court is a question not free

from doubt.   If not thus included there might be numerous cases where no appeal would lie from an order of the County Court, and which were yet entirely within the principle upon which appeals are given to the Supreme Court in analogous cases.   If necessary to the decision of this appeal we should hesitate before deciding that no appeal lies to the Supreme Court from an order made by the County Court in an action in which a transcript was filed from Justice's Court.

In this case, however, we think an appeal from the order lies to the Supreme Court under section 1357 of the Code. We think this was substantially a special proceeding within the meaning of that section.   The contest, by the order of the County Court, acquiesced in by both sides, became one between the plaintiff on the one side and Alden B. Eggleston on the other.   The original proceeding was instituted pursuant to a special statutory provision, and was continued against one who was not a party to the action, but was served with notice and the contest was carried on under the order of the court. For all purposes of an appeal from the order made by the County Court, it was a special proceeding.   The facts distinguish this case from *Kincaid* v. *Richardson* (25 Hun, 237) and *Andrews* v. *Long* (79 N. Y. 573).   In the former case the proceeding was between the original parties to the action, and hence we are not called upon to assert or deny the correctness of that decision.   In the latter case, and under section 1342 of the Code, as it then stood, it was held by this court that no appeal would lie to the General Term from an order of the County Court, made in an action which was not brought in that court, but was taken there by appeal from a Justice's Court.   Whether there can be any solid distinction between such a case and the case of the filing of a transcript, as above stated, we need not now decide nor do we now mean to decide that an ordinary application to the court in which the judgment was obtained for leave to issue execution, where the parties are all living, is a special proceeding instead of a summary application in an action after judgment.   Our decision is confined strictly to the facts of this case.

Holding that the order of the County Court was appealable, it follows that the order of the General Term dismissing the appeal should be reversed, with costs, and the appeal should be heard upon its merits by that court.

All concur.

Ordered accordingly.