HOBART COOPER, Administrator, etc., Respondent, *v.* THE
EASTERN TRANSPORTATION COMPANY, Impleaded, etc.,
Appellant.

Although an observance of the general rule of navigation requiring ves-
sels meeting "head on" to turn to the right, is presumptively proper
and throws the *onus* of proving that it was negligence upon whoever
challenges its propriety in a particular case, yet if the surrounding
circumstances are such as to render it impracticable and unsafe, and
those circumstances are known to those in charge of the vessels, or by
proper care they might have known them, negligence may be imputed,
unless the general rule is departed from.

M., plaintiff's intestate, was on board of a canal boat, in tow of a steamer,
going down the Hudson river ; the boat was sunk by a collision with a
schooner in tow of another steamer going up the river, and M. was
drowned. In an action against the owners of the two steamers for
alleged negligence the court charged, in substance, that the respective
managers of the two steamers were bound to exercise proper care and
diligence in the management of their vessels, whether such care required
an observance or departure from the general rules or not, and irrespec-
tive of their force if the contest was between themselves. *Held,* no
error ; that although in a contest between the two steamers the one
might be precluded by way of estoppel from insisting upon negligence
in the other, in acquiescing in the course indicated by its own signals,
plaintiff's right of action was not affected thereby.

Plaintiff testified as a witness in his own behalf ; certain declarations,
made before his appointment as administrator, were offered and received
in evidence on the part of defendant for the purpose of impeachment.
The court charged in substance that these declarations could not be
regarded as evidence, upon the issues in the case, of the facts stated.
*Held,* no error.

(Argued September 20, 1878 ; decided November 12, 1878.)

APPEAL from judgment of the General Term of the
Supreme Court, in the second judicial department, affirming
a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by plaintiff, as administrator of
Mary Cooper, to recover damages for the death of his intes-
tate, alleged to have been occasioned by defendant's negli-
gence.

Defendant, The Eastern Transportation Company, was
owner of the steam-tug *U. S. Grant* which, on the night of

October ninth, was proceeding down the Hudson river, in New York harbor, with four canal boats in tow, of one of which plaintiff was the master, and on board of which was the intestate, who was his wife. A collision occurred between the canal boat and a schooner in tow of the steam-tug *John N. Parker*, owned by defendant Austin, which was going up the river.

It appeared that soon after the *Parker* was first sighted by the *Grant*, and when the steamers were about 500 yards apart, the *Parker* gave one blow of the whistle, which meant to go to the right, which was answered by one from the *Grant*, and that vessel immediately ported her helm. The *Parker* soon after blew two whistles, which meant to go to the left. The testimony was conflicting as to whether the *Grant* answered with two whistles or with three. She did sound three whistles, and within a minute thereafter the collision occurred.

The further material facts appear in the opinion.

*Robert D. Benedict*, for appellant. The statements proved to have been made by plaintiff were admissible in evidence. (1 Greenl. on Evi., 201, § 171; *Tooker* v. *Gormer*, 1 Hilt., 73.)

*Erastus Cooke*, for respondent. Whether the rules of navigation were observed or not was subordinate to the question of negligence and only important as bearing upon that question. (*Hoffman* v. *Un. Ferry Co.*, 47 N. Y., 176; 68 id., 386, 390; *Blanchard* v. *N. J. S. Co.*, 59 id., 292, 297, 300; *Hope* v. *Eastern Tr. Co.*, 5 Otto, 297.) The statements made by plaintiff before his appointment as administrator are not evidence against him in his representative character. (1 Greenl. Ev., § 179; *Cowling* v. *Ely*, 2 Stark., 366; *Webb* v. *Smith*, R. & M., 106; *Plant* v. *McEwen*, 4 Conn., 544; *Fenwick* v. *Thornton*, 1 M. & M., 51; *Legge* v. *Edwards*, 25 L. J. Ch., 125; *Millers* v. *Brown*, 38 L. J. Ex., 140.) The *Lee* was not responsible for the negligence or improper navigation of the *Grant*. (*Hope* v. *Eastern Tr.*

*Co.*, 5 Otto, 297; *Hoffman* v. *Un. Ferry Co.*, 47 N. Y., 181; *Chapman* v. *N. H. R. R. Co.*, 19 id., 341; *Colegrove* v. *N. Y. and N. H. R. R. Co.*, 20 id., 492.)

CHURCH, Ch. J. I am not prepared to assent to the construction put upon the charge by the learned counsel for the appellant, that the rules of navigation prescribed by, and made in pursuance of Federal laws had a different application and force as to the two steamers, from what they should have between the plaintiff and the two steamers; that is, that there was a difference in the sense claimed. I think the learned judge intended only to instruct the jury that in a contest between the two steamers, one of them might be precluded by way of estoppel from insisting upon negligence in the other in acquiescing in the course indicated by its own signals. The case in hand will illustrate the position. The *Parker* gave a single blast of the whistle which was answered by a single blast from the *Grant*. This indicated that the steamers were to go to the right, which is the rule when steamers are to meet "head and head," or nearly so, which was the case in this instance. But this is not an unbending rule to be rigidly observed under all circumstances, because circumstances may exist to render it impracticable, and the rule itself provides that if it is deemed unsafe, then the steamers shall go to the left after an exchange of two blasts of the whistle. There are also excepted from the operation of the rule, cases, where steamers are navigating in a crowded channel, or in the vicinity of wharves. Whilst an observance of the general rule would be presumptively right, and would throw the *onus* of proving that it was negligent upon whoever challenged its propriety, yet if the surrounding circumstances were such as to render it impracticable or unsafe, and these circumstances were known to those in charge of the vessels, or by the exercise of proper care they might have known them, negligence might be imputed, unless the general rule was departed from.

The judge charged in reference to this the rules and regula-

tions " as between the *Parker* and the *Grant,* all of those rules
of navigation and law might have a strict application.    If the
*Parker* was suing the *Grant,* or the *Grant* the *Parker* for
damages resulting from the collision, it might well be that
any technical rule of navigation might be invoked against
the other, and held with great strictness, but in this case I
charge you that as against this Captain Cooper who had
engaged the *Grant* to take his boat in tow that both of these
captains upon the *Grant* and upon the *Parker* were bound
to use due diligence and prudence to prevent any accident
happening to Mr. Cooper's boat, while it was in charge of
the *Grant,* so that, whether the *Grant* blew two whistles,
or blew them at a particular time, or whether the *Parker*
had any right to blow two immediately after blowing one, is
not very material as against either, in case you shall find that
from the time the *Lee* was taken in tow to the time of the
drowning of this woman, either of those captains did any act
which a prudent man would not have done under the cir-
cumstances."

In substance the effect of this charge is that the respective
managers of the two steamers were bound to exercise proper
care and diligence, in the management of their vessels,
whether such care required an observance of or departure
from the general rules or not, and irrespective of the effect
of their force, if the contest was between themselves.    I do
not think this was error.    A blind adherence to the rules is
not required by the rules themselves, and it is clear that care
and diligence should be used in determining whether in a
given case they should be strictly pursued.    The rule is that
vessels meeting " head on," should pass to the right, but care
must be exercised to determine whether this is safe and
proper, and if one steamer signals to that effect, the other
steamer must also exercise due care in deciding whether it is
safe and proper to do so, and this is all that the judge
intended to charge.

The question whether there was any evidence to charge
the *Grant* with negligence, down to the time of the collision,

is not that I can discover presented in the case. It is not presented on the motion for a nonsuit, because it was claimed that the *Grant* was negligent after the collision in not cutting loose from the tow, and in not lowering its own boat.

The court submitted the question to the jury in general terms, whether either or both steamers were negligent, and the exception pointed to the remarks of the judge above quoted, touching the difference between the force of the rules as to the plaintiff, and between the respective steamers. The requests to charge assumed that the jury might find that the *Grant* was negligent in its navigation before the accident, and the judge was not requested to charge that there was no evidence upon which the charge of negligence could be founded. There is therefore no exception presenting this point, and it is not needful to consider that question. But aside from that it is not so clear as to warrant its being taken from the jury that negligence might not be imputed to the *Grant* for assenting to a change of course, and not insisting upon continuing to the right which might have prevented the collision providing the jury had found that two whistles were blown, signifying such assent, and as to which there was a conflict of evidence.

Again, the *Grant* knew if he assented that the other steamer would change her course to the left, and although it was proper for her to slack her speed, yet if she had changed her helm to star-board, instead of letting it swing, it is not improbable that the boats would have cleared. The managers of the boats should not be held to any rigid rule, but the case is not one in which it can be decided as a legal question, that they were not both guilty of negligence.

The request on the part of the *Grant* to charge that the blowing of two whistles by the *Parker*, was negligent as a matter of law, is not available. In the first place the jury have found the *Parker* negligent by its verdict, and that is not appealed from, and in the next place I think it was a question of fact for the jury to determine. It is not *per se* negligent to change the direction of passing, from right to

left. It must depend upon the circumstances of each case, and although looking at the circumstances developed on the trial, it is quite clear that a change was impracticable, and that it resulted disastrously, yet I think it was a question of fact, and not of law.

Error is alleged upon the charge of the judge that certain declarations of the plaintiff having been put in and received for the purpose of impeachment could not be regarded as evidence of the facts upon the issues in the case. The fact is not denied that they were received for that purpose, and I think the conclusion of the judge follows. It is unnecessary therefore to consider whether declarations made by the plaintiff before his appointment as administrator would be admissible as evidence of the facts which they tend to prove.

The other exceptions to the charge and refusals to charge as requested, have been examined, and are not regarded as tenable. They relate to the question of contributory negligence, and we think there was no error committed in respect to them.

No substantial error was committed upon questions of evidence.

This court has no power to review the case for the purpose of determining the weight of evidence. If there is no evidence to sustain the verdict, it is a question of law, but it must be distinctly presented, and an exception taken. As we have seen, this was not done upon the question of the negligence of the *Grant* up to the time of the collision.

The judgment must therefore be affirmed.

All concur, except Miller and Earl, JJ., absent at argument, and Hand, J., not voting.

Judgment affirmed.