Ida M. Dodge, Respondent, *v.* William K. Mann, Appellant.

Judgment was entered herein on a verdict for plaintiff after the making and pending the decision of a motion on the minutes of the court to set aside the verdict on the ground that there was no sufficient evidence to sustain it and that the damages were excessive. The court granted the motion ; granted a new trial and directed that the judgment should be vacated on the sole ground of excessive damages. On appeal to the General Term, a case was made and settled ; the order was reversed and a further judgment for costs was rendered. *Held*, that the latter judgment was not appealable; that the only questions passed upon by the General Term were those raised on the motion and these were not reviewable here.

*It seems* that if defendant desired to bring his exceptions before the General Term for review he should have moved for a new trial on exceptions, or appealed from the judgment on the verdict.

(Argued June 8, 1881 ; decided June 21, 1881.)

This was a motion to dismiss an appeal from a judgment of General Term.

The action was for false imprisonment and malicious prosecution.

The defendants, on the coming in of the verdict, moved on the minutes of the court to set aside the verdict on the ground : 1st. That there was no sufficient evidence to charge the defendant and William K. Mann with having caused the arrest of the plaintiff ; 2d. That there was no evidence of malice ; and 3d. That the damages were excessive. Before the decision of the motion judgment was entered on the verdict. An order was afterward made by the justice presiding at the trial, setting aside the verdict and granting a new trial on the sole ground that the damages were excessive, and directing that the judgment entered on the verdict be vacated. From this order an appeal was taken by the plaintiff to the General Term, and thereupon a case was made and settled, and after argument an order was made by the General Term reversing the order made at Circuit, and a further judgment was entered for the costs of the appeal, from which this appeal was taken.

No motion was made for a new trial upon exceptions, nor was any appeal taken from the judgment entered on the verdict. The court say :

" If the defendants desired to bring their exceptions before the General Term for review, they should have moved for a new trial on exceptions, or appealed from the judgment entered on the verdict, and made a case containing exceptions. If any of the exceptions taken at the trial are of sufficient importance to justify an appeal from the judgment, that course is still open, unless the time has expired, and the right of appeal has been terminated by notice. As the case now stands, the only questions which were passed upon by the General Term were those raised on the motion for a new trial. These were as to the weight of the evidence (there having been no motion for a nonsuit), and the excessiveness of the damages, and it is too well settled to admit of discussion that such questions are not reviewable in this court."

*James Emott* for motion.

*E. Countryman* opposed.

RAPALLO, J., reads for granting motion.
All concur.
Appeal dismissed.