## ORRIN C. HINMAN, RESPONDENT, *v.* ALBERT STILLWELL, APPELLANT.

*County courts — may entertain motions for new trials made upon the minutes of the judge — an appeal lies from orders made thereon to the General Term — no question will be considered by the General Term that does not appear from the appeal book to have been presented to the County Court — error, in entering such an order without stating the grounds upon which it was made, is to be corrected by motion and not by appeal — motion for a new trial — how made.*

The plaintiff having recovered a judgment in a Justice's Court, the defendant appealed to the County Court, where a new trial was had resulting in a verdict of no cause of action. A motion by the plaintiff for a new trial upon the judge's minutes was granted. The defendant appealed from this order and made a case which did not disclose the grounds upon which the motion was made or granted, nor were these grounds disclosed by the order itself.

*Held,* that under section 999 of the Code of Civil Procedure county courts were authorized to grant new trials, on motions made upon the judge's minutes, in actions originating in a Justice's Court, and appealed to and retried in the County Court.

That under section 1342 of the Code of Civil Procedure, as amended in 1881, an appeal lies from orders of the County Courts so granting or refusing new trials, to the General Term of the Supreme Court.

That an appellate court will not consider questions which can only be presented by an appeal from the decision of an inferior court, unless it appears from the record that such questions were actually presented to such inferior court by an appropriate proceeding.

That as the appeal book in this case did not show whether or not the question, as to whether the verdict was contrary to the evidence, was presented to or determined by the County Court, that question could not be considered by the General Term.

That as it did not appear that the questions raised by the exceptions taken to the rulings made in the course of the trial had been presented to or passed upon by the County Court on the motion for a new trial, that these questions could not be heard on the appeal.

That as the order granting the new trial was entered by the plaintiff the defendant should not be made to suffer by reason of its omission to state the facts which were required to enable the General Term to review it, but that the remedy of the defendant was by a motion in the County Court to set aside the order as irregular and not by an appeal to the General Term.

Except in a plain case, where the error complained of is manifest, a motion for a new trial should be heard at a Special Term, on a case made pursuant to section 997 of the Code of Civil Procedure, and not upon the minutes of the judge before whom the action was tried.

APPEAL from an order, made by a county judge granting a motion made upon his minutes for a new trial.

This action was brought in a Justice's Court to recover $124.24 for goods delivered to George Davis, between December 4, 1880, and December 21, 1881. The plaintiff claims they were delivered on the order and credit of the defendant. The sole issue was, did the defendant authorize the sale and agree to pay for the goods? The plaintiff had a judgment for eight dollars and thirty-seven cents damages and five dollars and eighty-two cents costs, from which the defendant appealed to the County Court, demanding a retrial, which was had, resulting in a verdict of no cause of action. The plaintiff moved upon the judge's minutes for a new trial, which motion was granted, with ten dollars costs of the motion, and the costs of the trial to abide the event.

The defendant appealed from this order and made a case which did not disclose the grounds on which the motion was made or granted, nor are the grounds disclosed by the order. A judgment has not been entered.

*C. E. Baldwin*, for the appellant.

*E. H. Babcock*, for the respondent.

FOLLETT, J.:

Section 999 of the Code of Civil Procedure is applicable to county courts, and authorizes them to grant new trials on their minutes in actions originating in a Justice's Court, appealed to and retried in county courts. (Subs. 4 and 7, § 3347, Code Civil Pro.) Subdivision 4, above cited, does not limit the right to actions begun in county courts.

Since the decision of *Andrews* v. *Long* (79 N. Y., 573), appeals to this court from orders of county courts, granting or refusing new trials made in actions originating in justices' courts have been authorized. (Code Civil Pro., § 1342, as amended in 1881.)

The appellant insists that this order cannot be sustained on the ground that the verdict is contrary to the evidence, which position is controverted by the respondent. When there is a conflict in the evidence this question must be first determined by the court below, on a case, or by the trial judge on his minutes. This court is with-

out original jurisdiction of this question. (Code Civil Pro., §§ 999 and 1002; *Wright* v. *Hunter*, 46 N. Y., 409; *Boos* v. *The World Mut. Ins. Co.*, 64 id., 236; *Bennett* v. *Matthews*, 64 Barb., 410.)

It is a well settled rule that the trial court must be first asked to correct the errors of the jury. (*Thurber* v. *Townsend*, 22 N. Y., 517.) When there is no evidence to support the verdict the question becomes one of law, is the subject of an exception, and may be determined by the appellate court, although it has not been determined by the court below. (*Cooper* v. *Transportation Co.*, 75 N. Y., 116, 121.)

An appellate court will not consider questions which can be presented only by an appeal from the decision of an inferior court, unless the questions are within the record. The questions need not have been actually determined by the court below, but they must have been presented to such court by an appropriate proceeding, which fact the record must disclose. The appeal book does not show that the question, whether the verdict was contrary to the evidence, was determined by the court below; that it was within the motion made, or was in anywise presented to such court.

It has been several times held that an appeal from an order refusing a new trial on the minutes, accompanied by such a record, does not present this question of fact to the General Term. (*De Luce* v. *Kelly*, 5 N. Y. Week. Dig., 32; *Gray* v. *N. Y. Floating Elevator Co.*, 13 id., 140; *Cooke* v. *Leonard*, 17 id., 575; *Alfaro* v. *Davidson*, 39 N. Y. Supr. Ct. Repts., 463; S. C., 40 id., 289; *McAleer* v. *Corning*, 49 id., 522.) In the cases cited, motions for new trials were made by the defendants in the several cases, and were denied. The appeal book in the several cases did not show the ground on which the several motions were made, or what questions were determined by the orders. In all of the cases the court refused to consider the question of fact, because the records did not show that it had been determined by the court below. In *Alfaro* v. *Davidson*, the defendant was granted leave to take this question to the Court of Appeals (40 N. Y. Supr. Ct. Repts., 289), but an appeal was not taken.

*Cowles* v. *Watson* (14 Hun, 41) is said to hold a contrary doctrine. In that case the plaintiff had a verdict for nominal damages, and moved for a new trial on the minutes. The order denying the

motion recited that a verdict for nominal damages had been rendered; that a motion on behalf of the plaintiff for a new trial had been made on the minutes, and denied. Judgment was entered, a case was made and the plaintiff appealed from the judgment and order. It was objected that the order could not be reviewed, because it did not appear on what ground it was made. The court said: "But two positions could be taken in support of the motion, and the important one is recited in the order, that of the assessment of the plaintiff's damages at six cents." Upon this ground alone the order was reversed, a new trial granted and the appeal from the judgment dismissed. This case was decided by the General Term which decided *De Luce* v. *Kelly*, *Grag* v. *The New York Floating Elevator Company* and *Cooke* v. *Leonard*, and by the same judges, and the cases are not in conflict.

Several exceptions taken by the respondent to rulings upon the admissibility of evidence are contained in the appeal book, which he urges are sufficient to sustain the order granting a new trial, which position is controverted by the appellant. Unless the motion on the minutes for a new trial was made on the exceptions, the appeal from the order does not bring the exceptions into this court for review. (*Dodge* v. *Mann*, 85 N. Y., 643.) In the case last cited a motion was made on the minutes for a new trial, on the ground that the verdict was contrary to the evidence and that the damages were excessive; but the motion did not include the exceptions taken as a ground for a new trial. The judge set aside the verdict as excessive. A case containing exceptions was settled, and the plaintiff appealed from the order (no judgment was entered) to the General Term, which reversed the order, and a judgment was then entered for the plaintiff. The defendant appealed to the Court of Appeals, which held that the exceptions were not before the General Term for review, were not in the Court of Appeals, and dismissed the appeal. It was held in *Alfaro* v. *Davidson* that an appeal from such an order, accompanied by such a record, did not present to the General Term the questions of law arising on the exceptions. The appeal from this order brings to this court only the questions which the court below was asked to determine by the motion on which the order was granted. The record not disclosing that the court below was asked to, or that it did determine the ques-

tions of law arising upon the exceptions, those questions cannot be considered on this appeal. Not knowing whether the order was granted on questions of law or fact this court will not speculate as to the ground upon which it might have been granted.

In the cases cited (except *Cowles* v. *Watson*) the orders were affirmed because the defendants moving for the new trials were in fault in not specifying the grounds on which they moved. In the case at bar the appellant did not make the indefinite motion for a new trial on the minutes, but it was made by his adversary, who also entered the irregular order. Clearly this was not the fault of the present appellant and he should not suffer for the respondent's irregular practice, as he may, if this order is affirmed and he is compelled to retry the case in the County Court without an opportunity of being heard in this court. Instead of appealing, the appellant should have moved in the County Court to set aside the order as irregular.

A motion for a new trial on the minutes is peculiarly appropriate when the error complained of is manifest, but if a lengthened argument is required to make the error apparent, a motion should be made on a case. (3 Wait's Pr., 423 ; 2 Whit. Pr., 433.) Except in a plain case, a motion for a new trial should be heard at Special Term, under section 1002, Code Civil Procedure, on a case made pursuant to section 997, Code Civil Procedure. When a motion is decided on the minutes and a case is afterwards made, the questions are not always presented in the same aspect to the appellate court that they were to the trial judge, and especially when the motion on the minutes was based upon errors of the court as well as upon errors of the jury.

It was said in *Algeo* v. *Duncan* (39 N. Y., 316) : " The power in question is to be cautiously exercised, and it is left to the sound discretion of the judge whether he will act upon his own minutes and the views entertained while the proceedings on the trial are fully in his mind and fresh in the mind of counsel, or whether there is so much of doubt that the case should stand over for more deliberate and careful scrutiny upon a case which shall bring all the evidence again before him ; but the power is a useful one, to be exercised in a clear case, and a large saving of expense and delay to both plaintiff and defendant."

This appeal presenting no question which can be reached by this court, the appeal must be dismissed and the defendant left to move in the court below to set aside this order if he shall be so advised. Should the order be set aside, the plaintiff will have a remedy by a motion for a new trial on a case.

Both parties having slipped in their practice, no costs are allowed either on this appeal.

Hardin, P. J., and Merwin, J., concurred.

Appeal dismissed, without costs, and defendant allowed to move in the County Court of Onondaga county to set aside the order appealed from.