Barnard, P. J.
The evidence was sufficient to take the case to the jury as to the question of the negligence of the defendant. The plaintiff was in a shell boat going up the Harlem river at about sunset on the 10th of September, 1889. When the plaintiff arrived within half a mile of McComb’s dock, he looked over his shoulder and saw a tug and canal boat tied to the dock ahead of him. He proceeded on his course up the river about a hundred feet, when on again looking around he found himself between the tug and canal boat, which were coming down the river at full speed. The plaintiff immediately gave the alarm to the tug by loud shouting, which was joined in by other persons near by on the river. The tug showed no response, but kept right on until the plaintiff’s boat "was struck, cut in two, and the plaintiff *591 thrown into the river and under the canal boat and tug. It was light at the time, so that those in charge of the tug could see a half mile down the river. The first notice of the plaintiff’s danger was given by a deck-hand on the canal boat, and then it was too late to avoid the collision. There is but one inference possible from this testimony. The steam tug was not under proper lookout and control.
It seems as if there was no one in the wheel-house, and that the pilot was upon the deck engaged in other duties. It is not necessary to find this to be the fact, because if he was in the wheelhouse he did not look ahead in anticipation of danger to others, and he did not heed the cries of warning so as to save the happening of the accident. The plaintiff made out a case for the jury under Cooper v. Eastern Transportation Co., 75 N. Y., 116.
The question of the plaintiff’s negligence, if any, which contributed to the accident, was also one for the jury. The plaintiff saw the tug a hundred feet away, and at once commenced backing his boat. He had time to back for a half dozen to a dozen strokes, and was going rapidly back at the time of the collision. The tug could stop in 300 feet by merely shutting off the power and without reversing. Under this evidence, it was for the jury to pass upon upon the contributory negligence of the plaintiff. Bills v. N. Y. C. R. R. Co., 84 N. Y., 5.
The judgment should, therefore, be affirmed, with costs.
Pratt, J., concurs.