(19 App. Div. 268.)

### BISHOP v. AUTOGRAPHIC REGISTER CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

1. CONTRACT—CONSTRUCTION.

During the negotiations for a contract between plaintiff and defendant, S., defendant's manager, wrote plaintiff that any expense of fitting a machine owned by plaintiff to do the work required by the contract would be paid by defendant. On the trial of an action on the contract, plaintiff testified that she afterwards told S. that a new machine would be required, and he said, "Go on and have it built." *Held*, that this was sufficient to authorize the jury to find an agreement by defendant to pay for a new machine.

2. NEW TRIAL—EXCESSIVE DAMAGES.

When the trial court has correctly charged the jury as to the rule of damages to be recovered, but has inadvertently made a wrong statement of the amount of such damages, giving the contract price of certain articles, instead of the amount of profits which would be made under the contract, and the jury has found a verdict including such erroneous amount, a new trial should be awarded, unless the plaintiff stipulates to reduce the recovery by the difference between the two amounts.

Appeal from trial term.

Action by Sarah E. Bishop against the Autographic Register Company of New York. From a judgment entered on the verdict of a jury for plaintiff, and from an order denying a motion for a new trial on the minutes of the court, defendant appeals. Affirmed on condition.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Appleton D. Palmer, for appellant.
Isaac N. Miller, for respondent.

WILLIAMS, J.   The action was brought to recover damages for breach of contract.   The main question arising upon this appeal is whether the contract was made by the defendant or another company, known as the National Autographic Register Company.   The defendant moved at the close of plaintiff's evidence to dismiss the complaint on the ground that the evidence showed that the contract was made with the National Company.   The court denied that motion, and the defendant excepted.   No motion to dismiss was made at the close of all the evidence.   In its charge the court submitted to the jury the question whether one Shoup, in making the contract, represented the defendant, and, upon the request of the defendant, instructed the jury that the plaintiff could not recover unless Shoup, in making the contract, did represent the defendant.   There was no exception to the charge.   A motion was made for a new trial upon all the grounds mentioned in section 999 of the Code of Civil Procedure.   Upon this condition of the record, the question raised here is whether there was evidence upon which the jury was authorized to find that Shoup, in making the contract, represented the defendant.   The defendant was a New York corporation organized in or prior to 1887, and held and owned the patents.   The same persons who were interested in the defendant organized the National Company.   The same person was president of both companies.   Shoup was general manager of the defendant, and as such commenced the negotiations with the plaintiff prior to the organization of the National Company.   A large number of letters were written back and forth in the course of the negotiations. Sometimes the letter heads of one company were used, and sometimes the letter heads of the other company.   Shoup was prominently connected with the whole negotiations, and had several interviews with the plaintiff.   The contract was finally completed after the organization of the National Company, and Shoup testified that he informed the plaintiff, before the contract was made, of the change of companies; but the plaintiff denied this, and testified that she never knew of any such change, but supposed she was dealing with the same company all along.   We think, under the evidence, it was a question for the jury whether, in making the contract, Shoup represented the defendant, and that the finding of the jury that he so represented the defendant was supported by the evidence.   The defendant at the close of the evidence made no claim that this question was not for the jury, or that it was improperly submitted to them.   We think the finding as to this fact by the jury should not be disturbed on this appeal.

The remaining questions relate to the amount of damages awarded by the jury.   One item allowed was the cost of making the machine to be used by the plaintiff in complying with the contract.   The plaintiff claimed that, as a part of the contract, the defendant agreed to pay for this machine.   The defendant denied this.   At first it was said that the machine the plaintiff had in use could be changed so as to answer the purpose, and in a letter written by Shoup, as general manager of the defendant, July 30, 1887, he said, "Any necessary

expenses of fitting your machine for this purpose will be paid by this company," etc.    The plaintiff, in giving the language used in completing the contract, October 16, 1887, testified: "I think I told him [Shoup] that I could not have the old machine fixed over, but it necessitated my having a new machine built, complete.    He said, 'Go on and have your machine built,'" etc.    We think, upon this evidence, the jury was warranted in finding an agreement to pay the expenses of making a new machine.    The court charged the jury that they might allow this item, if they found the contract was made, and there was no exception taken by the defendant to such instruction.    The other item of damages allowed was the value of 868 ribbons at 50 cents, —$434.    The contract was for 1,000 ribbons, but only 132 were taken and paid for.    The plaintiff was allowed to recover the full purchase price of the remaining 868 ribbons, instead of the loss of profits thereon, which was, concededly, only $295.43.    The court in the charge stated that the loss of profits might be recovered, but incorrectly gave the agreed amount thereof.    No exception was taken to this instruction, and the judge's attention was not called to the mistake.    There seems to have been no evidence that the plaintiff, as a matter of fact, made the 868 ribbons, and had them ready for delivery.    She merely stated what the profits would have been, and the loss of profits was all she was entitled to recover for damages, under the evidence.    We think on the motion for a new trial this error should have been corrected, and that provision for correcting it should be made by us on this appeal.    The other questions raised by the appellant require no special consideration here.    They are not such, in any event, as to call for a reversal of the judgment or order.

The judgment should be reversed, and a new trial ordered, with costs of appeal to defendant to abide event, unless the plaintiff stipulates to reduce the judgment by deducting $138.57, with interest from October 16, 1887, in which case the judgment as so modified should be affirmed, with costs of this appeal to the respondent.    All concur.