This case has been tried twice. The first trial resulted in a verdict for the plaintiff which was reversed in the Appellate Division, as appeared by the order of that court, on two grounds: (1) That as a matter of law the plaintiff's intestate was not free from contributory negligence; and (2) because as matter of law the negligence of the defendant was not the cause of the injury complained of; and for those reasons the case ought not to have been submitted to the jury, the court having examined the questions of fact as to the other issues in the case and found no error therein." But this court held that the defendant was entitled to have the questions of fact passed on by the Appellate Division not only as to the other issues in the case but also as to those disposed of by that court as matter of law, and hence dismissed the appeal. (166 N.Y. 287.)
The new trial ordered by the Appellate Division again resulted in a judgment entered on a verdict in favor of the plaintiff, and when the Appellate Division came to review that judgment it unanimously reached the conclusion that there was no view of the evidence that would support it, and, therefore, reversed it.
It expressed its decision in the order of reversal as follows: "It is hereby ordered and adjudged that the order and judgment so appealed from be and the same is hereby reversed, and a new trial ordered, with costs to the appellant to abide the event, upon questions of law only, the facts having been examined and no error found therein."
This order read in the light of our opinion on the former appeal means — as counsel understand it and as do we — that the Appellate Division reached the conclusion after examining all the evidence that the jury were justified in accepting as true in all instances of conflict in testimony that which was most favorable to the plaintiff, and yet it could not permit the *Page 181 
judgment to stand because that most favorable view of the testimony fell short of supporting the judgment.
The case is, therefore, properly before this court, and we are at liberty to review any of the questions of law that were before the Appellate Division.
Our examination of the record satisfies us that the conclusion reached by the court — that the evidence, while stimulating speculation as to the cause of death, would not support a finding that the death of the intestate was due to the negligence of the defendant — should be affirmed.
The order should be affirmed and judgment absolute ordered for defendant on the stipulation, with costs.
BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur; GRAY, J., not sitting; O'BRIEN, J., absent.
Order affirmed.