AARON C. ALLEN, Appellant, *v.* CORN EXCHANGE BANK, Respondent, Impleaded with Another.

APPEAL — ORDER OF APPELLATE DIVISION REVERSING JUDGMENT UPON THE LAW AND THE FACTS AND ORDER DENYING NEW TRIAL NOT REVIEWABLE BY COURT OF APPEALS. An order of the Appellate Division, reversing upon the law and facts a judgment entered upon the verdict of a jury and an order denying a motion for a new trial, and awarding a new trial, is not reviewable by the Court of Appeals, under the

provisions of the Constitution and the Code, and does not become appealable because the Appellate Division saw fit to base its reversal also upon errors of law; in no case tried before a jury in which a motion for a new trial has been made on the ground that the verdict is against the evidence can the Court of Appeals entertain an appeal from an order of reversal unless it affirmatively appears that the Appellate Division has affirmed the facts.

*Allen* v. *Corn Exchange Bank,* 87 App. Div. 335, appeal dismissed.

(Argued March 17, 1905; decided April 18, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 20, 1903, which reversed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

This action was brought to recover one-half of the amount collected by the defendant upon certain checks, drawn to the order of the plaintiff and his brother jointly, the said brother having, without the knowledge of the plaintiff, received the checks, indorsed them in the name of himself and the plaintiff, and deposited them to the credit of his individual account with the defendant bank, thereafter drawing out the proceeds.

*Herman Aaron* for appellant. If, as a matter of fact, there is no controverted question of fact in the case upon which a reversal upon the facts could be based, the Appellate Division cannot deprive this court of jurisdiction by reciting in the order of reversal that there was such question of fact. (*Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166; *Otten* v. *M. Ry. Co.,* 150 N. Y. 395; *Benedict* v. *Arnoux,* 154 N. Y. 714; *Griggs* v. *Day,* 158 N. Y. 1; *O'Brien* v. *E. R. B. Co.,* 161 N. Y. 539; *B. & L. L. Co.* v. *B. L. & I. Co.,* 165 N. Y. 247; *E. R. R. Co.* v. *Steward,* 170 N. Y. 172; *Rice* v. *Culver,* 172 N. Y. 60.)

*John M. Bowers* and *Latham G. Reed* for respondent. If there was any question of fact in the case, then there is no jurisdiction in this court to entertain the appeal. (*Harris* v.

*Burdett*, 73 N. Y. 136; *Read* v. *Patterson*, 134 N. Y. 128; *Mickee* v. *W. M. & R. M. Co.*, 144 N. Y. 613; *Canavan* v. *Stuyvesant*, 154 N. Y. 84; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 287; 174 N. Y. 179; *Crooks* v. *P. Nat. Bank*, 177 N. Y. 68; *M. Nat. Bank of Plattsburgh* v. *Barnes*, 172 N. Y. 618.)

CULLEN, Ch. J.    At the Trial Term the plaintiff recovered a verdict, and thereupon the defendant moved on the judge's minutes to set aside the verdict and for a new trial upon the exceptions and because the verdict was against the weight of evidence.    The defendant's motion was denied, and thereafter judgment was entered on the verdict.    The defendant appealed from the judgment and the order denying its motion for a new trial, and on appeal the Appellate Division reversed such judgment and order, both on questions of law and fact, and granted a new trial.    From the order granting a new trial the plaintiff has appealed to this court.

The plaintiff recognizes the rule so repeatedly laid down by the decisions of this court ( *Wright* v. *Hunter*, 46 N. Y. 409; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 287; 174 N. Y. 179), that if the Appellate Division might have reversed on the facts this court cannot review its action, but contends that on the uncontroverted evidence in the case it was entitled to a direction of a verdict in its favor and that, therefore, the Appellate Division was without power to reverse on the facts, and that the order appealed from can be sustained only by showing some error of law.    In support of this contention are cited two recent decisions of this court ( *Otten* v. *Manhattan Railway Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166) in which it was held that the Appellate Division cannot create a question of fact by the assertion that it reverses on that ground when the record shows that in reality there is no dispute of facts.    To that doctrine we adhere; and, therefore, in any case where the action of the Appellate Division in reversing on the facts is without justification in the record we will reverse its order

provided, however, that in the particular case the order is, under the Constitution and the statute, appealable to this court. This qualification brings us to the first point to be considered on this appeal.

Under the Code of Procedure of 1849 orders granting new trials were not appealable to this court. (*Duane* v. *Northern R. R. Co.*, 3 N. Y. 545.) By an amendment in 1851 such appeals were authorized, but by a subsequent amendment in 1852 the right of appeal was taken away. Finally in 1857 an order granting a new trial was made appealable to this court and so the practice remained under both the old Code and the present Code until the adoption of the Constitution of 1895. The power to review such orders granted by the Code was universal and plenary in its terms. But this court early decided that only questions of law (except in a few specified cases) could be reviewed by it and that, hence, when a motion for a new trial had been made in a case tried before a jury and the General Term had reversed the order denying the motion for a new trial, as well as the judgment, the court would not entertain the appeal if it appeared that the General Term might have granted the new trial on questions of fact. Actions tried before the court or a referee were governed by different rules. It was under this condition of procedure that Judge Haight said, with entire accuracy, in *Chapman* v. *Comstock* (134 N. Y. 509, 512): "The rule is now well settled that an order of the General Term granting a new trial in an action tried before a jury, when there was a conflict of evidence, and the order may have been made upon the facts, is not reviewable in this court unless it appears from the record that the order was affirmed as to the facts or the appeal therefrom dismissed." But under the Constitution of 1895 and the amendments of the Code enacted in pursuance thereof, orders granting new trials no longer are generally and as a class appealable to this court, but only those of a specified character, to wit, "orders granting new trials on exceptions." Therefore, to give this court jurisdiction it must first appear that the new trial was

granted on exceptions. This was so held by this court
in *Otten* v. *Manhattan Railway Company* (*supra*) where
Judge VANN elaborately discussed the question whether
in that particular case the new trial had been granted on an
exception or not. That was the case of a judgment entered
upon the decision of the court at Special Term. Judge VANN
pointed out that the only power of the Appellate Division to
entertain an appeal and reverse the judgment, even on a ques-
tion of fact, was by virtue of the general exception author-
ized by the Code. He said that, therefore, the case fell within
the constitutional provision. But the practice in cases tried
before a jury is radically different from that which obtains in
cases tried before a court or referee, and this distinction has
always prevailed in our jurisprudence. We have had occa-
sion recently to point out this difference in practice and the
results that follow from it. (*Collier* v. *Collins*, 172 N. Y.
99, 101; *Alden* v. *Knights of Maccabees*, 178 N. Y. 535.)
Questions of fact in a jury case are not raised by any excep-
tion on the trial, but only by a motion for a new trial and an
appeal from the order if the motion is denied. (*Thurber* v.
*Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Boos* v. *World
M. L. Ins. Co.*, 64 N. Y. 236.) On an appeal from a judgment
alone the Appellate Division is limited to an examination of the
exceptions or errors of law exactly to the same extent as is this
court; but on a motion for a new trial on the judge's minutes
or on a case it is not necessary to authorize a reversal that
an exception should appear in the record. None can appear
to raise the question of fact and none is necessary to raise
questions of law, for on such an application the court may
reverse the judgment for errors of law to which no excep-
tions have been taken. Therefore, it follows that the grant-
ing of a new trial on the facts in a case tried before a jury
is not an order granting a new trial on exceptions. It is
true that in this particular case the defendant did except to
certain rulings of the court. But as the Appellate Division
has seen fit to award it a new trial on the facts, which part of
the order is not reviewable by this court under the provisions

of the Constitution and of the Code, it does not become appealable, because in addition thereto the court saw fit to base its order also upon errors of law. In my opinion, under the present limitation of the Constitution, in no case tried before a jury in which a motion for a new trial has been made on the ground that the verdict is against the evidence can we entertain an appeal from the order unless it affirmatively appears that the Appellate Division has affirmed the facts. If it be urged that the Appellate Division has no right to declare a question of fact when there is no question of fact in the case and that such action is an error of law, the answer is that under the Constitution such an error of law in an action tried by a jury is not reviewable by this court any more than a unanimous determination by the Appellate Division that there is evidence to support a verdict when, in our judgment, there is no such evidence. Recently, in the case of *Reich* v. *Dyer* (180 N. Y. 107), we did entertain such an appeal on the merits, but, upon consideration, dismissed it on the ground that the case presented a conflict of fact. The objection to the appeal which has now been discussed was overlooked by us, either by inadvertence or by the failure of counsel to properly impress it upon us. However, as the appeal was properly disposed of, the decision has worked no harm, but our action in that case is not a precedent to be hereafter followed.

The appeal should be dismissed, with costs.

G RAY, B ARTLETT, H AIGHT, V ANN and W ERNER, JJ., concur; O'B RIEN, J., not voting.

Appeal dismissed.