## BRENNAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

APPEAL—DECISIONS REVIEWABLE—DECISION IN INTERMEDIATE COURTS.

Under Const. art. 6, § 9, and Code Civ. Proc. §§ 190, 191, limiting the jurisdiction of the Court of Appeals to review orders of the Appellate Division granting new trials to "orders granting new trials on exceptions," the Court of Appeals is without jurisdiction of an appeal from an order of reversal by the Appellate Division of a judgment and an order of the trial court denying a motion for new trial made on the minutes, on grounds other than exceptions or in addition to exceptions, under Code Civ. Proc. § 999, authorizing a motion for new trial on the minutes on exceptions, or because the verdict is for excessive or insufficient damages or otherwise contrary to the evidence or contrary to law, unless it affirmatively appears that the Appellate Division has affirmed on the facts, and it is not enough that the Appellate Division reverses on exceptions only; and hence where a judgment and an order denying a motion for new trial on the minutes, made on all the grounds specified in section 999, were reversed by the Appellate Division, and a new trial granted on the ground that defendant's motion at the close of the evidence to dismiss, because of

its insufficiency, should have been granted, and that the exception to the denial was good, such order of reversal by the Appellate Division was not appealable to the Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 860.]

Action by Sadie Brennan against the city of New York. A judgment for plaintiff and an order denying a motion for a new trial on the minutes having been reversed by the Appellate Division, plaintiff moves to amend the order of reversal, so as to make it certify that the reversal is "upon the law solely, the court having examined the facts and found no error therein," so that she may appeal to the Court of Appeals. Motion denied.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Robert Stewart, for the motion.
James W. Covert, opposed.

GAYNOR, J. This is an action for damages for negligence. The plaintiff recovered a verdict, but the judgment and the order denying the motion for a new trial on the minutes have been reversed by us and a new trial granted, on the ground that the motion of the defendant at the close to dismiss should have been granted, and that the exception to the denial thereof is good. The plaintiff now moves us to amend our order of reversal so as to make it certify that the reversal is "upon the law solely, the court having examined the facts and found no error therein," so that she may appeal to the Court of Appeals.

In a case like this, i. e., of a judgment on a verdict, an appeal may come here in three ways, first, from the judgment only, which appeal brings up questions of law raised by exceptions only (Boos v. World Mut. L. Ins. Co., 64 N. Y. 242; Third Ave. R. Co. v. Ebling, 100 N. Y. 101, 2 N. E. 878); second, from the order denying the motion for a new trial on the minutes only, which appeal may bring up questions on exceptions only, or on the facts only, or the ground that the verdict is contrary to law in a particular not raised by an exception— for some questions of law may be raised on such a motion, and reviewed by us on appeal from the order, but not by the Court of Appeals, without an exception (Tate v. McCormick, 23 Hun, 218; Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506; Bishop v. Auto. Reg. Co., 19 App. Div. 268, 46 N. Y. Supp. 97; Weizinger v. Erie R. Co., 106 App. Div. 414, 94 N. Y. Supp. 869; Allen v. Corn Exchange Bank, 181 N. Y. 282, 73 N. E. 1026); or on all of these grounds, dependent on the grounds on which the motion was made, for such a motion may be made "upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law," or on all of these grounds (Code Civ. Proc. § 999)—and the appeal presents only the grounds shown by the record to have been raised on the motion (Walsh v. Mead, 8 Hun, 387; Hinman v. Stillwell, 34 Hun, 178; Dodge v. Mann, 85 N. Y. 643); and, third, from both the judgment and the order (as is the case before us).

In the last case, i. e., an appeal to us both from the judgment and the order, our order of reversal is therefore not appealable to the Court of Appeals if it reverse both the judgment and the order, unless the record show that the motion on the minutes was on exceptions only for the Court of Appeals has not jurisdiction to review orders of the Appellate Division granting new trials generally, but only "orders granting new trials on exceptions." Const. art. 6, § 9; Code Civ. Proc. §§ 190, 191; Allen v. Corn Exchange Bank, 181 N. Y. 278, 73 N. E. 1026.

But if the record show that the motion on the minutes was made on the ground of excessive or insufficient damages, or that the verdict was against the weight of evidence, or that the evidence did not support it, or that it was contrary to law in a particular not raised by an exception, then the order must be affirmed by us in that particular, while we reverse the judgment, in order to make our order appealable to the Court of Appeals; for in that case the record would show that we reversed on exceptions only.

An order by us reversing both the judgment and the order being thus not appealable to the Court of Appeals, where the motion on the minutes is made on grounds other than exceptions, or in addition to exceptions, our record should show that we affirm the order on all the grounds other than the exceptions in order to make our order appealable. It is not enough that it shows that we reverse the order on exceptions only; it must show that we have reviewed and affirmed it in the other respects; for otherwise it could not be known but that we would have reversed it in such other respects if we had considered them; and if the case could go up on appeal from us in that condition, and our order should be reversed and the judgment of the trial court reinstated, the respondent would thus finally lose without having had such other questions, including the question of the weight of evidence, reviewed by us at all.

Now, in the case before us the motion for a new trial on the minutes was made by the defendant on all of the grounds specified in section 999 of the Code of Civil Procedure, and denied. It therefore follows that we must affirm the order on all grounds other than the exceptions in order to make our order appealable. After considering all of the questions presented, we have reversed on the ground that the evidence was insufficient to go to the jury—that there is no evidence to support the verdict. There was a motion by the defendant for a dismissal at the close of all of the evidence, and an exception taken to its denial. The judgment and order are both reversed on that exception. Can we say that except for that exception we would have affirmed the order? No, because even if there were no such exception it would have been the duty of the trial judge to grant the motion for a new trial on the minutes (one of the grounds on which it was made being that the verdict was contrary to the evidence and the law), and for us to review and reverse his order refusing to do so; for where there is no evidence to support a verdict, that error, in the absence of an exception to a denial of a motion to dismiss or to direct a verdict, is nevertheless presented by the motion on the minutes on the ground that the verdict is against the law, or the evidence. Beckwith

v. N. Y. C. R. Co., 64 Barb. 299; Shearman v. Henderson, 12 Hun, 170; Lucas v. McEnerna, 19 Hun, 14; Kelly v. Frazier, 27 Hun, 314; Weizinger v. Erie R. Co., 106 App. Div. 414, 94 N. Y. Supp. 869; Algeo v. Duncan, 39 N. Y. 313; Allen v. Corn Exchange Bank, 181 N. Y. 282, 73 N. E. 1026. In such a case our reversal of the order would not be on an exception, and therefore would not be appealable. But in a case where there is such an exception, our reversal is upon an exception. Does that make it appealable? Evidently not, unless we first assume a thing we have decided to the contrary (and probably could not really make ourselves assume, however hard we might try to delude ourselves to the contrary), i. e., that the evidence was sufficient to go to the jury, and then decide on that assumption that the verdict was not against the weight of evidence, and affirm the order on that head or ground; for otherwise the weight of evidence will never be considered if our order of reversal should be reversed and the judgment affirmed. It is plain that in such a case we could not affirm on the facts, and therefore that it is not a case where an appeal can be had from our order of reversal.

As was repeated in a recent case, "under the present limitation of the Constitution, in no case tried before a jury in which a motion for a new trial has been made on the ground that the verdict is against the evidence can we entertain an appeal from the order unless it affirmatively appear that the Appellate Division has affirmed the facts"—which I suppose must mean "on" the facts to mean anything. Allen v. Corn Exchange Bank, 181 N. Y. 278, 73 N. E. 1026. The decisions to the same effect are collected in Mr. Cardozo's scientific and careful book on the subject of the jurisdiction of the Court of Appeals (section 19). It should not be overlooked that a mistake was made in Reich v. Dyer, 180 N. Y. 107, 72 N. E. 922, and that the decision there is overruled by that in Allen v. Corn Exchange Bank, supra. The rule becomes plainer on reading these two cases together. As to the opinion in Albring v. N. Y. C. & H. R. R. Co., 174 N. Y. 179, 66 N. E. 665, I suppose I may say that I am not certain that I understand its meaning at all—and my doubt in that respect is increased by the opinion in Allen v. Corn Exchange Bank.

The motion should be denied. All concur.