### DURYEA et al. v. ZIMMERMAN et al.

(Supreme Court, Appellate Division, Second Department.  January 24, 1908.)

1. APPEAL—REVIEW—DECISION IN INTERMEDIATE COURTS—QUESTIONS OF FACT.
    Under Const. art. 6, § 9, and Code Civ. Proc. § 190 et seq., limiting the jurisdiction of the Court of Appeals to review orders of the Appellate Division granting new trials "to orders granting new trials on exceptions," the Court of Appeals is without jurisdiction of an appeal from an order of the Appellate Division reversing, in an action tried by a jury, a judgment entered on a verdict and the order denying the motion for a new trial on the minutes, unless the order of reversal affirms on the facts the order denying the motion for a new trial; and hence, where the order of reversal did not affirm on the facts, it will not be amended to read that the reversal was "upon questions of law only," since such amendment would not give the Court of Appeals jurisdiction.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4327–4332.]

2. SAME—TRIAL BEFORE COURT.
    An order of the Appellate Division, reversing on exception a judgment on a trial by the court, is presumed to be a reversal on the law only, and is reviewable by the Court of Appeals, unless the order of reversal certifies that it is both on the law and the facts.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4307–4309.]

On motion to resettle and amend the order of reversal.  Motion denied.

See 121 App. Div. 560, 106 N. Y. Supp. 237.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Robert B. Honeyman, for the motion.
Rush Taggart and Griggs, Baldwin & Baldwin, opposed.

GAYNOR, J.  The plaintiffs had a judgment for damages upon a verdict.  We reversed such judgment, and also the order denying the motion on the minutes for a new trial.  The plaintiffs now move that we amend our order to read that the reversal is "upon questions of law only."  The professed object of this is to enable the plaintiffs to appeal to the Court of Appeals, but in this the learned counsel for the plaintiffs is entirely mistaken.  The addition of these words to our order would not make it appealable to the Court of Appeals; and if we were to add thereto, "and not on the facts," the effect would not be enlarged or changed.  As the Court of Appeals has often pointed out, and as we have been at much pains recently to point out in the case of Brennan v. City of New York (Sup.) 107 N. Y. Supp. 455, where a judgment in an action at law, and the order denying the motion on the

minutes to set aside the verdict and for a new trial, are reversed and a new trial granted by us, our order of reversal is not appealable to the Court of Appeals unless it show that we affirm on the facts the order denying the motion for a new trial, for the Court of Appeals is without jurisdiction to entertain such an appeal except on exceptions (Const. art. 6, § 9; Code Civ. Proc. § 190 et seq.), and will not do so then unless it appear by the record that we have reviewed the case on the facts and affirmed thereon. In equity cases if our order of reversal do not contain the formula that the reversal is on both the law and the facts, it will be presumed on appeal to be on the law only, and will be reviewable by the Court of Appeals, but if it contain such formula it will not be reviewable unless the Court of Appeals find upon examination that in fact there was no question of fact on which the reversal could have been made by us, which would of course falsify the statement in our order that we reversed on the facts. Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839. These are therefore the two simple rules in respect of the appealability of our orders of reversal to the Court of Appeals, viz.: (1) If our order reverse a judgment entered upon a verdict of a jury, and the order denying the motion on the minutes for a new trial, it is not appealable to the Court of Appeals. It must affirm on the facts the order denying the motion for a new trial in order to be appealable. In practice this is sometimes done by incorporating in our order of reversal a certificate that we have "examined the facts and found no error therein," and the Court of Appeals accepts an order of reversal containing this certificate as equivalent to an order affirming on the facts the order appealed from and reversing it on exceptions only. (2) If our order reverse a judgment in a case where there was no jury trial, the reversal is presumed to be on the law only unless it contain the formula that it is both on the law and the facts; so that unless it be on the law and the facts, no special formula is necessary, but only a simple reversal.

It is difficult to see how there can be any confusion of these two rules, the one for cases of jury trials, and the other for cases of trials without a jury; and yet the records of our courts fully attest that such confusion has long persisted and still persists at the bar.

The motion should be denied. All concur.